WILLARD M. POTTER v. JOHN HUTCHISON MANUFACTUR-ING COMPANY (A CORPORATION).

[See 79 Mich. 207.]

*Summons—Issue in blank.*

There is no reason why the mere filling out of a summons by an attorney after it is signed and sealed by the clerk, where no abuse is shown, should vitiate the writ.

Error to Eaton. (Hooker, J.) Argued June 4, 1891. Decided July 28, 1891.

*Assumpsit.* Defendant brings error. Affirmed. The · facts are stated in the opinion.

*Thomas A. Wilson,* for appellant.

*Huggett & Smith,* for plaintiff.

McGRATH, J. This suit was commenced by summons, to which defendant pleaded in abatement that the writ was signed, sealed, and delivered to the attorney for plaintiff in blank, and did not, when so delivered to said attorney, contain either the name of the parties, a statement of the cause of action, the amount of damages, date of issue, or the day of the return. Plaintiff

demurred to this plea, the court below sustained the demurrer, and defendant appeals.

The issue of writs in the manner complained of is not unusual. Indeed, the practice is general, and with the knowledge and consent of courts. Attorneys are officers of the court, and are subject to its summary jurisdiction. They are, as has been said, as essential to the successful working of the court as the clerks and sheriffs, and perhaps as the judges themselves. They are, for the convenience, not only of themselves, but of the other officers of the court, clothed with certain privileges, an abuse of which would be visited with severe punishment. They have access to files and records, they draft all orders and decrees, and generally enter rules and motions. There is no reason why the mere filling out of a summons by an attorney after the signature of the clerk, where no abuse is shown, should vitiate the writ.

In *Caldwell v. Estell*, 20 N. J. Law, 326, it was held that the clerk might permit an attorney to make out a transcript, and affix the signature of the clerk and seal of the court to the certificate required by law, where the clerk himself could truly certify to the matter set forth; it appearing that such had been the practice, with the sanction of the court.

It is contended that "if an attorney may do what was done here, there can be no compliance with the law relative to the payment of the county fee before commencement of suit, since the attorney may issue a process at a distance from the clerk's office, and, if he fails of service, the clerk will never know that the process was issued," and that "the statute of limitations may be defeated by dating the summons back."

These objections are imaginary, rather than real. It is not contemplated that writs are to be signed and sealed without reference to the immediate commencement of

suit. It is usual for the attorney of plaintiff to file with the clerk a *præcipe* or order, directing such process to be issued against the defendant as the nature of the case may require. The *præcipe* should specify the court, the names of the parties, the kind of action, the kind of writ, when it is to be made returnable, and the amount of the debt or damage. Some entry or memorandum is usually made by the clerk of the commencement of the suit, and this is necessary, whether the writ is filled out before or after the signature of the clerk. One of the first things done by the clerk is to assign to the cause a file number, and the first entry upon the calendar is a record of the issue of the writ, and the date of such issue. It does not appear here that such entry was not made, or that the county fee was not paid, or that the *præcipe* was not filed. The statute provides that, before the delivery of the writ to any officer to be executed, it "shall be subscribed or indorsed with the name of the attorney, solicitor, or other officer by whom the same shall be issued" (How. Stat. § 7290), so that the writ is incomplete in any case when it leaves the clerk's hands.

The judgment is affirmed, with costs. The record will be remanded, and the defendant allowed the usual time in which to plead over, if it desires.

The other Justices concurred.