MARTIN L. SWEET v. JOHN H. PALMER, CIRCUIT JUDGE OF NEWAYGO COUNTY.

*Commencement of action—Payment of entry fee—Summons—Issuance in blank—Jurisdiction.*

1. Payment of an entry fee on commencing a suit in the circuit court is not necessary to confer jurisdiction; citing *People v. Treadway*, 17 Mich. 484.

2. The statement in *Potter v. Manufacturing Co.*, 87 Mich. 59, that "it is not contemplated that writs are to be signed and sealed without reference to the immediate commencement of suit," was not necessary to the determination of the case, and must be regarded as *dictum*.

3. A suit will not be quashed for the reason that the summons by which it was commenced was signed and sealed in blank by the clerk, and delivered to the plaintiffs' attorney, but not for

95 MICH.—29.

that particular suit, several months before the attorney filled it out and placed in the hands of the sheriff for service, no abuse being shown on the part of the attorney in issuing the writ.

4. The clerk is under no obligation to deliver to an attorney a writ (summons) signed and sealed in blank, and may very properly refuse to do so; but, if he chooses to trust him with such a writ, it will not be held void for that reason.

*Mandamus.* Argued April 5, 1893. Denied April 28, 1893.

Relator applied for *mandamus* to compel respondent to quash a certain suit commenced by summons. The facts are stated in the opinion.

*Bundy & Travis,* for relator.

*E. E. Edwards,* for respondent.

GRANT, J. Relator is defendant in a suit commenced by summons, which was signed and sealed in blank by the clerk of the court, and delivered to the attorney for the plaintiffs in the suit, several months before it was filled out by the attorney and placed in the hands of the sheriff for service. It is regular upon its face, and was duly served. Relator moved to quash the suit upon the ground that the summons was not legally issued. His motion was based upon affidavits from which it appears that the attorney obtained the summons from the clerk, not for this particular suit, but for any suit that he might have occasion to bring thereafter. The court denied the motion, and relator now seeks the writ of *mandamus* to compel it to grant the motion.

The motion was properly denied. No abuse has been shown on the part of the attorney in issuing the writ. If he had obtained it on the very day of its issue it would have been the same as it is now. The payment of the entry fee is not necessary to confer jurisdiction. *People v. Treadway,* 17 Mich. 484. The clerk is under no obli-

gation to deliver to an attorney a writ signed and sealed in blank, and may very properly refuse to do; but, if he chooses to trust an attorney with such a writ, it will not be held void for that reason. *Potter v. Manufacturing Co.*, 87 Mich. 59. The statement in that case that "it is not contemplated that writs are to be signed and sealed without reference to the immediate commencement of suit" was not necessary to the determination of the case, and must be regarded as *dictum*.

The writ is denied.

The other Justices concurred.