THE STATE *ex rel.* KERSTNER, *Collector*, v. SANFORD, *Appellant*.

Division One, March 12, 1895.

1. **Delinquent Taxes:** PARTIES: COLLECTOR. In an action by the state on the relation of the county collector to recover delinquent taxes, the state is the real party in interest, and it is not necessary when the collector retires from office to make his successor a party.

2. ———: EVIDENCE: BILL OF EXCEPTIONS. The records of the county court, not introduced in evidence on the trial, but merely presented to the judge, in his room after he had left the bench, and in the absence of the plaintiff's attorneys, do not constitute a part of the record, and will not be examined on appeal although they were copied into the bill of exceptions.

3. ———: REMITTITUR: APPELLATE PRACTICE. Where, in a suit for delinquent taxes, a description of the land in the tax bill as to some of the years sued for is insufficient, a remittitur will be permitted as to such years.

*Appeal from Cape Girardeau Court of Common Pleas.*
HON. ALEXANDER ROSS, Judge.

AFFIRMED.

*Linus Sanford pro se.*

(1) The tax bill shows on its face that there is no description of the land for the years 1875 and 1876 describing the land as "Frl. sec. 17, etc," when follows the perfect description of the "S. W. frl. $\frac{1}{4}$"—a patent ambiguity that renders the assessment for these years void. *State to use, etc., v. Railroad,* 114 Mo. 1; Cooley on Taxation [2 Ed.], p. 404. (2) In no event can plaintiff maintain this suit. He has been out of office over two years, and if the money was paid to him he could not be compelled to account for it, and plaintiff's certificate is no evidence. *State to use, etc., v. Richardson,* 77 Mo. 589; *State to use v. Dailey,* 4 Mo. App. 172. (3) No delinquent list was ever examined and corrected by the court, as the law requires, and the respondent offered no other evidence as to his right to recover. *State ex rel. v. M. Cook,* 96 Mo. 72; *State ex rel. v. Hutcheson,* 116 Mo. 399. (4) The record shows that either Johnson Ranney or Linus Sanford owned this land all these years, and the assessment to Mary L. Russell is void, because not to the record or real owner, and respondent has offered no evidence of the assessment and the record. *Abbott v. Lindenbower,* 42 Mo. 163.

*B. F. Davis* for respondent.

(1) The certified back tax bill was *prima facie* evidence of respondent's right to recover. R. S. 1889, sec. 7682; *State ex rel. v. Schooley,* 84 Mo. 447; *State*

*ex rel. v. Rau*, 93 Mo. 126; *State ex rel. v. Scott*, 96 Mo. 72. (2) And the collector can sign said tax bill by the hand of his deputy collector. *State ex rel. v. Miller* 16 Mo. App. 539. (3) Said certified tax bill being *prima facie* evidence of respondent's right to recover, if the appellant relied upon the fact that the assessment for a part of the years was to Mary L. Russell, he should have proven that she never owned the land. This he failed to do, and the respondent did not then and does not now admit that to be a fact. *Abbott v. Lindenbower*, 42 Mo. 162; *State ex rel. v. Hunt*, 113 Mo. 90; R. S. 1889, sec. 7553. (4) So far as the tax bill and the record show, "Frl. sec. 17, etc." (as the land is described for 1875 and 1876) is wholly included in and is no more than the "S. W. fr'l quarter fr'l sec. 17, etc." (as it is described for subsequent years), and the number of acres would indicate this to be a fact. Both descriptions are intended to describe identically the same land and appellant makes no claim that they do not. *Brown v. Walker*, 85 Mo. 262. (5) The state is the real party plaintiff, and the collector may come and go, but the state remains. "The king never dies. Henry, Edward or George may die, but the king survives them all." 1 Blackstone's Com. 249; *Watson v. Schnecko*, 13 Mo. App. 208.

BRACE, P. J.—This is an action for back taxes for the years 1875 to 1888, inclusive, instituted in February, 1890, in the Cape Girardeau court of common pleas and tried at the May term, 1893, of said court, in which the plaintiff obtained judgment and the defendant appeals.

The petition is in the usual form on a back tax bill, and in support thereof the plaintiff introduced tax bill in evidence, certified in proper form by "Henry Kerstner, collector of the revenue within and for the county of Cape Girardeau, by R. M. Firmenstein,

The State ex rel. v. Sanford.

deputy collector." It was not disputed that Kerstner was the collector and that Firmenstein was his deputy at the time the suit was instituted and issues joined, and no objection was made to the petition in the court below on account of defect of parties, either by demurrer or answer; but the defendant sought to defeat a recovery by introducing himself as a witness and testifying that Kerstner had not been collector for over two years at the time of the trial.

Even if it were necessary that the relator's successor should have been made a party, the defendant is not in position to complain that it was not done; but, we do not think it was necessary. The state is the real plaintiff in the case. The judgment was and could only have been in its favor against the land, to be enforced by the sheriff on execution, and not by the collector. R. S. 1889, sec. 7682, *et seq.*

There is nothing in the point that the certificate was executed by deputy. *Ib.*, sec. 7597; *State ex rel. v. Miller*, 16 Mo. App. 539.

The defendant in his answer sets up that the county court "never acted on the delinquent list, as required by section 7669 of the revenue law," and the bill of exceptions shows that he testified, over the objection of the plaintiff, that he had carefully examined the county court records for any and all orders made by said court on the land delinquent list, by said court, for the years from 1875 to 1888, inclusive, and that he could find no other orders than those set out "hereinbefore," and certain entries, purporting to be orders of the county court and thereinbefore set out in the bill; but it nowhere appears that the records of the county court, or any copies thereof, showing such entries, were offered in evidence on the trial, but, on the contrary, it appears that these copies of orders were presented to the judge in his room, after he left the bench, and in the absence

of the plaintiff's attorney. They constituted no part of the evidence given on the trial, ought not to have been copied into the bill, and we are not authorized to look into them to see if perchance some technical defect might not be found to defeat these taxes.

The defendant's land, as appears from the tax bill, was assessed for all the years, except 1875 and 1876, by its proper description, as "108.96 acres, the S. W. fr'l ¼ of sec. 17, township 33, range 14." In those years it was assessed as "108.78 acres, fr'l section 17, township 33, range 14." The description in the assessment for those years seems hardly sufficient under the requirements of our statute, R. S. 1889, sec. 7555. *State ex rel. v. Railroad*, 114 Mo. 1. These taxes, included in the judgment, amount to $15.98 for the year 1875, and $8.40 for the year 1876; and as the plaintiff offers to remit these amounts from the judgment, the remittitur therefor will be entered; and, finding no other defect in the tax bill, and no evidence overcoming the *prima facie* case made thereby for the remainder of the judgment, the same will be affirmed for the amount thereof, less such remittitur. All concur.