GEORGE E. SMITH, Assignee, Respondent, v. ST. LOUIS TRANSFER RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, February 4, 1902.**

**Judgment: ISSUE: PLEADINGS.** A judgment rendered outside of any issues framed by the pleadings in a cause and unsupported by the evidence, is improper and will be reversed.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

REVERSED AND REMANDED.

*Thomas E. Ralston* and *A. C. Church* for appellant.

(1) Where assignees for the benefit of creditors enter upon a leasehold estate of the assignor, occupy the premises for the purpose of discharging the duties of their trust and collect rents from a sublessee of the assignor, then they elect to accept the lease to the assignor and are bound to pay, either

personally or out of the rents so collected by them, rent to the landlord of the assignor during the time they so occupy the premises and collect rent from the sublessee. Burrill on Assignments (6 Ed.), p. 547, sec. 395, pp. 474, 475, sec. 346, p. 518, sec. 375; 1 McAdam, Landl. and Ten. (3 Ed.), sec. 244, pp. 805 et seq.; 2 Taylor's Landl. and Ten. (8 Ed.), sec. 456, p. 33; Boyce v. Bakewell, 37 Mo. 492; Ecker v. Railroad, 8 Mo. App. 228; Dorrance v. Jones, 27 Ala. 630; Horwitz v. Davis, 16 Md. 313. (2) This is settled law in Missouri, whether the action brought is for rent, or on a note or on any other cause of action, and the cause of action must be fully complete at the time of instituting suit thereon. Duryee v. Turner, 20 Mo. App. 34; Turk v. Stahl, 53 Mo. 437; Heard v. Ritchey, 112 Mo. 516; Fisher v. Stevens, 143 Mo. 181; Tobin v. McCann, 17 Mo. App. 481.

*H. M. Wilcox* for respondent.

(1) The record shows that the St. Louis Sectional Dock Company sublet a part of the land (western 125 feet) to appellant for the full unexpired time of the original lease, but at an increased rent. Whether this demise was a sublease strictly, or an assignment *pro tanto* of the entire estate, does not seem material to determine, because the rights springing out of that conveyance and asserted in this proceeding were vested in the city of St. Louis, and she did not appeal. If the demise from the dock company to appellant was a sublease, then by the common law it created neither privity of contract nor estate between the subtenant and the original lessor, and the latter could not sue the subtenant on the covenants of the original lease. 1 Taylor Landlord and Tenant, (8 Ed.), sec. 448; 1 McAdam Landlord and Tenant (3 Ed.), chap. 25, p. 777; Quackenboss v. Clarke, 12 Wend. 555. (2) The common law in this regard is still in force in this State, except in the case of agricultural lands, where a lien and right of attach-

ment have been given by statute against the subtenant. Railroad v. Railroad, 135 Mo. 173; Glasner v. Fredericks, 73 Mo. App. 424. (3) If on the other hand, this sublease was an assignment *pro tanto* of the entire estate of the dock company to appellant, then the city, as original lessor, might have sued appellant directly on the covenants of the original lease. Sexton v. Chicago Storage Co., 129 Ill. 318; Stewart v. Railroad, 102 N. Y. 601; Railroad v. Railroad, 135 Mo. 173. (4) It is laid down by Judge Story that, where the original lessee is insolvent, the landlord may proceed in equity against a subtenant in possession of the premises for rent—citing English authorities. 1 Story, Eq. Jur. (13 Ed.), sec. 687, p. 698. (5) But neither at law nor in equity can the subtenant be held for the whole rent reserved by the original lease, when the assignment or sublease is for only a part of the land. The action, if at law, is limited to a recovery of a proportionate part of the original rent. Patten v. Deshon, 1 Gray 325; Van Reneselaer v. Bradley, 3 Denio 135; Pingrey v. Watkins, 15 Vt. 479.

GOODE, J.—This is an appeal from an order and judgment of the circuit court of the city of St. Louis, entered on July 26, 1898, in the matter of the assignment for the benefit of creditors of the St. Louis Sectional Dock Company, an insolvent corporation of this State.

On May 6, 1897, the St. Louis Sectional Dock Company made a general assignment of all its property for the benefit of its creditors.

At the date of the assignment, the dock company held a written lease from the city of St. Louis for a portion of the unimproved public wharf, and had sublet or assigned a part of the same wharf to the St. Louis Transfer Railway Company, the appellant here for its railroad tracks.

The lease was for a term ending January 1, 1899, at a yearly rent of two thousand dollars, payable in installments of

one thousand dollars in advance on January first and July first in each year.

By the terms of the ordinance under which the lease was granted, the dock company gave the city its bond in the penal sum of ten thousand dollars, dated May 15, 1884, with W. T. Hickman, H. B. Louderman and S. C. Clubb as sureties, to secure compliance with all the terms and conditions of said lease.

The sublease from the dock company to the St. Louis Transfer Railway Company (appellant) was dated June 25, 1890, and was for a term beginning July 1, 1890 and ending January 1, 1899, at a yearly rent of three thousand dollars, payable in installments of fifteen hundred dollars each, on July first and January first of each year, in advance. It gave the dock company the right to forfeit the term and re-enter for non-payment of rent, or any other violation of the terms and conditions of the contract, on ten days notice in writing. Thus the titles stood at the date when the dock company assigned its property to Morse for the benefit of its creditors.

This leasehold was a valuable asset of the assigned estate, for the obvious reason that it yields an apparent profit of one thousand dollars a year.

At the date of the assignment (May 6, 1897) the dock company was owing the city of St. Louis the installment of rent of one thousand dollars which had fallen due on January 1, 1897. On one of the days appointed by Morse, then the assignee, for proving claims, the city appeared and proved its claim for this one thousand dollars and it was allowed and classed as preferred.

Not having received the second installment of rent, due July 1, 1897, for the last half of the year, the city at the February term, 1898, brought suit in the circuit court of the city of St. Louis on the bond given by the dock company, against it and its sureties Hickman, Louderman and Clubb for two thousand dollars, the rent due under said lease for the whole of the year 1897.

Appellant, the St. Louis Transfer Railway Company on July 8, 1897, paid to Morse, assignee of the Sectional Dock Company, the installment of fifteen hundred dollars rent under its sublease, which had fallen due on July 1, 1897, in advance, covering the last half of the year 1897; but the assignee failed to apply any of this money in payment of the rent of one thousand dollars the dock company owed the city for the same period. The appellant, with two of the sureties in the rent bond and the devisee of the third and the city of St. Louis, filed two motions in the assignment cause in the circuit court in reference to the payment of the rent due the city and finally obtained the order and judgment of said circuit court from which the present appeal is prosecuted.

Appellant's motion, in which the sureties in the rent bond joined, was filed February 28, 1898, and the motion of the city of St. Louis March 24, 1898. Both motions were heard and submitted on May 28, 1898, but were held under advisement by the court until July 26, when the order appealed from was entered.

The motion filed by the St. Louis Transfer Railway Company in conjunction with W. T. Hickman, H. B. Louderman and Eleanor C. Clubb (widow and devisee of S. C. Clubb, the third surety on the rent bond of the Sectional Dock Company) recites the original lease to the city by the dock company and the sublease or assignment of the dock company to the St. Louis Transfer Railway Company, that no rent had been paid the city for the year 1897, so that two thousand dollars were owing to it for that year, together with one thousand dollars for the first half of the year 1898, making three thousand dollars in all past due; that on July 1, 1898, another installment of one thousand dollars for the latter half of said year would fall due; that the Transfer Railway Company paid the assignee of the dock company fifteen hundred dollars as rent for the latter half of 1897, but said assignee had failed to pay any part of it to the city. The motion also states that

the city was entitled to the payment of all rent which became due to it after the assignment of the dock company in May, 1897, as a preferred claim so long as the assignee remained in possession of the leasehold estate and collected the rents from the Transfer Railway Company. The motion then recites:

"That said railway company in addition to the $1,500 paid by it to said Morse, as assignee as aforesaid, is now willing in order to facilitate the speedy settlement of said assigned estate, to pay the present assignee (i. e., George E. Smith) of said estate the sum of $3,000 as rent due and to accrue under its said lease from said dock company, although not yet all due (i. e., $1,500 not due) provided, that the present assignee be ordered and required to pay the whole amount thereof, less his legal commissions, to said city of St. Louis for the rent accrued and to accrue from said first day of July, 1897, to said first day of January, 1899, under said lease of said city to said Sectional Dock Company.

"Wherefore, your petitioners pray the court that, on the payment of $3,000 by said St. Louis Transfer Railway Company to said Smith, as assignee of said dock company, he shall and is hereby ordered to pay over the whole of said $3,000, less his legal commissions, to the city of St. Louis, as rent accrued, and to accrue, on and since said last [first] day of July, 1897, under said lease of said city to said dock company, and that he shall not apply or pay over the same, or any part thereof, to any other party or parties, or for any other purpose or purposes."

The motion of the city of St. Louis recites substantially the same facts as the preceding motion and prays that the assignee of the dock company pay the city out of any assets of the assigned estate in his hands, or that he might thereafter receive, the entire rent from the first day of January, 1897, to the first day of July, 1898, and concludes as follows:

"And that if, as your petitioner is advised, said St. Louis

Transfer Railway Company is ready to do, said railway company should pay to said assignee the rent from the first day of January, 1898, to the first day of January, 1899, amounting to the sum of three thousand dollars; that said three thousand dollars be ordered to be paid by said assignee to said city of St. Louis, to be applied for and on account of the rent due to said city, and to become due under the terms and provisions of said lease."

As has been stated, the first motion was filed in February, 1898, and the second in March, but no action was ever taken on them so far as appears. Instead, at the June term, 1898, and on the twenty-sixth day of July the court, without sustaining or overruling either motion, entered a judgment in favor of the assignee against the St. Louis Transfer Railway Company for three thousand dollars for rent during the year 1898 and ordered an execution to issue therefor if it was not paid. The judgment then concludes:

"As to the rent claimed by the city of St. Louis from the assigned estate, the court finds that the St. Louis Transfer Railway Company, upon the payment of the rent due from it as aforesaid to assigned estate for the year 1898, will be entitled to have $2,000 of said rent applied and paid to the city of St. Louis, as and for the rent due from the assigned estate to the city of St. Louis, for the same property and for the same period.

"It is therefore ordered by the court that the assignee, upon the collection of the aforesaid sum of $3,000 from the St. Louis Transfer Railway Company, pay to the city of St. Louis, $2,000 of said amount in full of the rent due from the assigned estate under the lease from said city of a part of the wharf below Lesperance street for the year 1898."

After an unsuccessful motion for a new trial, the St. Louis Transfer Railway Company prosecuted the present appeal.

Not much is before us in the present record and so we

shall have but little to say.   The leases are not preserved and we are unwilling to pass on the question whether the transaction between the Sectional Dock Company and the appellant, the St. Louis Transfer Railway Company, was of such a nature as to make the latter company liable over in the first instance to the city of St. Louis for the rent reserved by it in the lease to the dock company?   Neither are we willing to decide, with the evidence we have on the subject, whether the assignee of the dock company has continued in possession of the leasehold in such a way as to make him absolutely liable to pay the city its rent as a preferred claim to come out of the estate as an expense of administration.   Those matters will have to be attended to on fuller proof.

What we are certain about is, that the judgment against the appellant for the entire rent due for the year 1898, was unauthorized in the state of the pleadings.   Appellant intervened, along with other parties, in the assignment proceeding, by filing a petition when it owed one installment of rent to the assignee of the dock company, offering to pay that installment and also an installment which would fall due more than four months later, in order to facilitate the settlement of the assigned estate, on the condition that the entire sum paid should be devoted to discharging the indebtedness of the dock company to the city for rent due the latter for the second half of the year 1897, the first half of 1898, and what would become due in July for the second half of the year last named. The court devoted but two-thirds of the sum adjudged against appellant to that object.

The plain purpose of the appellant was to protect its leasehold from forfeiture by the original lessor, on account of unpaid installments of rent and to protect itself from any claim by said lessor against it for said rent.   When it intervened for this purpose, the court had no right to disregard the motion filed and the conditions on which appellant's proffer was made, or to wait until the entire rent for 1898 had ac-

crued, and disregarding the motion, to then render judgment against the appellant in favor of the assignee for the full rent for said year.

Respondent contends that appellant could not be prejudiced in any way by the judgment entered against it because at the time it was entered it owed rent to the amount of three thousand dollars and as the city had appeared in the assignment cause by filing its aforesaid motion and took no appeal from the judgment, it is bound by it and could in no event proceed against the appellant for unpaid rent due to it (the city) from the dock company. It is a sufficient answer to this argument to say that a party against whom a judgment was entered in a cause on a state of the pleadings and in circumstances which wholly failed to warrant the judgment is entitled to complain. We have no right to say appellant could in no event have defended against the rent for the latter half of 1898, at least. We do not mean thereby to intimate that any defense is apparent, but merely that a court can not conclude a party's rights by a judgment entirely outside of any issues made or any evidence produced. The only way in which this judgment could have been entered was by the consent of the Transfer Railway Company. The matter was in no way litigated and the action of the court was clearly erroneous. White v. Rush, 58 Mo. 105; Paddock v. Lance, 94 Mo. 283.

The judgment is reversed and the cause remanded. *Bland, P. J.*, and *Barclay, J.*, concur.