THE STATE ex rel. GOTTLIEB, Collector, Appellant, v. WILSON et al.

Division Two, May 19, 1903.

Tax Sales: APPLICATION OF PROCEEDS. The proceeds of a sale of property made under judgment and execution to enforce the payment of taxes, must first be applied to the payment of the costs of the proceeding. The State can not share in those proceeds until the officers are paid their costs.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

AFFIRMED.

*H. M. Meriwether* and *C. E. Denham* for appellant.

(1) The taxes are prior liens against the real estate, and this lien can not be discharged without, at least, some payment to the State. (2) The costs in the case are not separate liens against the property, but

constitute a part of the tax lien, and, therefore, are only entitled to a proportionate payment. R. S. 1889, sec. 7683, R. S. 1899, sec. 9304. (3) Tax liens are not merged in the judgment, and the State has a prior right to a payment, paramount to other creditors. Fleckenstein v. Baxter, 114 Mo. 493; Greeley v. Bank, 98 Mo. 458; R. S. 1889, sec. 6761; R. S. 1899, sec. 4259. (4) At common law no costs were recoverable by either party, and, therefore, in order to recover costs, plaintiff must show a clear statute authorizing it. Tidd's Practice (3 Am. Ed.), p. 945; Steele v. Wear, 54 Mo. 532. It is the rule in the United States Supreme Court, and in the United States Circuit Court of Appeals, that no costs are allowed for or against the United States. Supreme Court Rule 24; Circuit Court of Appeals Rule 31. (5) The effect of allowing a distribution of the entire fund for a payment of the costs would be to charge the costs against the State, but it is provided by statute that in such cases no costs shall be charged against the State, nor shall the Auditor allow any such claim for costs incurred by the provisions of this chapter. R. S. 1889, sec. 2946; R. S. 1899, sec. 1573. The printer and the others who held claims for costs, might have had an execution issued for their costs, and might have had the property sold out for their costs, subject to the lien of the State, but, failing to do this, they brought their claim in upon an equal basis, at best only as a part of the lien of the State. R. S. 1889, sec. 2946; R. S. 1899, sec. 1573; Hoover v. Railroad, 115 Mo. 77. (6) Having failed to issue an execution in their own behalf, and the State having caused its execution to be issued, it may be that they have lost entirely their claim, until after the State's lien is satisfied. This would be the rule if the court held to either of the maxims, "*vigilantibus et non dormientibus jura subservient*," or "*qui prior est tempore potior est jure*." Rankin v. Scott, 12 Wheat. 179;

Hermann on Executions, secs. 271, 449; Freeman on Executions, sec. 203.

*H. C. McDougal, Frank P. Sebree* and *John D. Wendorff* for respondents.

(1) The officers of the court—clerk,· sheriff, printer, etc.—are entitled to such fees in this case as are allowed by law for like services in other civil cases, which were rightfully taxed as costs in this case. R. S. 1899, secs. 1547, 9309, 4686, 4692, 4693, 4694, 3242 and 3245. (2) The money realized from the sale of the real estate should be first applied to the payment of costs, including fees of the clerk, sheriff, printer, etc., and the balance turned over to the collector. State ex rel. v. Smith, 13 Mo. App. 427.

FOX, J.—This is an appeal from a final order of the circuit court of Jackson county, overruling a motion made by the appellant, for the distribution of certain proceeds of sale in the above-entitled cause. The State brought its suit in the circuit court against defendants to enforce payment of certain taxes against real estate in Jackson county, and there was a final judgment and sale under said suit. The money realized was paid into the hands of the sheriff of Jackson county, and plaintiff filed a motion in said cause to require the sheriff to distribute the proceeds. Said motion, omitting caption, is as follows:

"Now comes the plaintiff in the above-entitled cause and moves the court to require the sheriff to distribute to the said collector a proportionate part of the money collected by him in said cause, and for reasons of said motion states as follows: that in said cause a judgment was obtained against the defendants, and in favor of the plaintiff, for certain State and county taxes and interest thereon, and under said judgment a special execution was issued directing the

sheriff to sell the property therein described, to satisfy said judgment, interest and costs. Plaintiff states that said judgment was for. taxes, interest and costs, and constituted a first lien against the property therein described, and that the total amount of said judgment and cost of sales is $74.20, the taxes and interest amounting to $15.57, and the costs to $58.63. Plaintiff states that under and pursuant to said judgment and execution, the sheriff proceeded to sell the real estate therein described, and said property sold for the sum of $35.50, which sum the sheriff has collected and now has in his hands. Plaintiff states that it is entitled to a portion of the money so received by the sheriff, but that the sheriff refused to pay over to the plaintiff any portion of said money, and·is about to pay over the whole of the sum for the costs of this proceeding. Plaintiff states that it is entitled to receive from the sheriff a part of said money, and that the part which it is entitled to receive, bears the same ratio to the amount collected by the sheriff as aforesaid, as the taxes and interest adjudged to be due the plaintiff, bears to the total of said judgment for taxes, interest and costs. Wherefore, plaintiff prays the court for an order compelling the sheriff to pay over to said collector a proportionate part of the money in his hands in said cause as aforesaid.''

There is no dispute about the facts in this case. It is practically conceded that the officers are entitled to recover fees for their services and have them taxed and paid as costs in the case. It is also conceded that the State or county is not in any way liable for the costs in this case. We are simply confronted in this controversy with one proposition—must the sheriff in this cause apply the proceeds of the sale first to the payment of costs; or must he prorate the same between the debt as evidenced by the judgment and the amount of costs taxed in the cause?

Section 1547, Revised Statutes 1899, provides: "In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law."

The law relative to the taxing of costs in tax proceedings is found in section 9309, Revised Statutes 1899, which provides:

"Fees shall be allowed for services rendered under the provisions of this chapter as follows: . . . to the circuit clerk, justice of the peace, sheriff and printer, such fees as are allowed by law for like services in civil cases, which shall be taxed as costs in the case; provided, that in no case shall the State, county or city be liable for any such costs, nor shall the county court or State Auditor allow any claim for any costs incurred by the provisions of this chapter."

The rule as to ordinary actions is that the parties to the suit are primarily liable for the costs that they directly incur by the institution of the suit, or the defense of it. The very terms of the statute indicate this, and presuppose this primary liability for the costs incurred, for it provides that the prevailing party shall recover his costs.

The only purpose in the provision of the statute in these tax proceedings by the State in which it provides "that in no case shall the State, county or city be liable for any such costs, nor shall the county court or State Auditor allow any claims for any costs incurred by the provisions of this chapter," was to bring the State within the exception to the general rule that parties asserting a claim in court are liable for at least the cost that they incur; but it was by no means intended by that provision to adopt a different method to the one universally applied in civil actions; that is, that out of the proceeds of sale under an execution, you first apply the same to the payment of costs; the remainder, if any, is applied to the payment of the debt.

This must not be construed as a suit by the officers to recover costs; it is a proceeding by the State to recover a debt; the cost for the services of the officers is a mere incident to the main proceeding. It would be an unjust rule that this proceeding can be instituted by the State, the officers compelled to perform the services, not of their own seeking, and then for the party asserting the claim to say there is not enough to pay us all out of the proceeds, but we will divide with you.

While the State, under section 9309, Revised Statutes 1899, is exempted from the primary liability for costs it incurs, yet if proceeds are realized from the assertion of its claim and in the hands of the sheriff, it can not compel the officers, indirectly, to contribute to the part payment of the cost of the proceeding instituted by the State by deducting a part of their fees and applying it to the payment of its claim. If the services are performed by the officers, they are entitled to full compensation out of the fund realized from such services; and if their fees are to be reduced in order to partly pay the claim of the party instituting the suit, it is in effect making them bear part of the burdens of litigation they had nothing to do in originating. Real estate being assessed and taxes levied, the statute points out the method of enforcing the lien of the State by appropriate proceedings in the circuit court. The State must know in instituting the proceeding to enforce its lien, that certain costs must accrue, and while it is not liable for any of the costs, it certainly contemplates that its claim and no part of it, can be satisfied out of the fruits of that suit, until the cost it had full knowledge of before instituting the proceeding, has been paid.

Our attention is invited to the cases of Greeley v. Provident Savings Bank, 98 Mo. 458; Hoover v. Railroad, 115 Mo. 77, and the case of Fleckenstein v. Baxter, 114 Mo. 493. An examination of those cases

State ex rel. v. Wilson.

will demonstrate that they have no application to the question presented in this case. The Greeley case was simply an application to the court for an order upon the receiver to pay the taxes due upon the assets of the estate in the hands of the receiver; the court simply announced in that case that the claim of the State for the taxes due was paramount to the claim of other creditors; it by no means supports the position urged in this motion before us. The same may be said as to the other cases; they did not involve the point under discussion, hence, have no controlling influence in determining it.

The only case to which our attention has been called, which determines directly the point involved in this controversy, is State ex rel. Kemper v. Smith, 13 Mo. App. 421. The court speaking on this subject, said: ''The money realized from the sales which took place under this execution should have been applied to the payment of the costs in the cause other than the commissions of the collector and his attorneys. The balance should have been treated as a public revenue out of which the collector should have retained his statutory commission of four per cent and his attorneys their commission of ten per cent allowed by law and by their contract with the collector, approved by the county court, which has been put in evidence. The balance should have gone into the public treasury, to be applied according to law.''

It is insisted by appellant that the rule as announced in that case was a mere *dictum,* that the question was not involved. It may be true that to reach a conclusion upon the controverted proposition in that case, it was not necessary to announce the rule herein quoted. We will say, however, whether involved or not, it announces what seems to be, in our opinion, not only the correct but as well the just and equitable rule in respect to the application of the proceeds of the sale of real estate in proceedings of this

character. It has been universally followed by all the courts in distributing proceeds realized upon executions, and we find no legal reason for a departure.

With these views, we are of the opinion that the action of the trial court in overruling the motion filed in said cause was correct, and its judgment in so doing will be affirmed. All concur.