MANEWAL, Plaintiff; DENISON, Respondent, v. PROCTOR, Appellant.

St. Louis Court of Appeals, May 2, 1905.

1. COSTS: Fee Bills: Referees. A referee is an officer of the court and a compensation for his work may be taxed as costs in the case for which he is appointed; but the statute, section 3236, Revised Statutes of 1899, which authorizes the issuance of fee bills in favor of certain officers, etc., does not include a referee among the number.

2. ———: Execution: Referees. An execution for costs can be issued only in favor of a party to an action; a referee or other officer of the court in whose favor an allowance has been made, is not entitled to an execution.

3. ———: **Referees: Judgment.** An order made by the trial court, in pursuance of a stipulation entered into between the parties to an action, allowing a compensation to a referee in the cause, and taxing it as costs against the party to whom the referee's report was adverse, is not a judgment in favor of the referee on which execution could be issued.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough*, Judge.

The appeal is from an order overruling motion to quash a fee bill issued in favor of the referee in the cause.

REVERSED AND REMANDED (*with directions*).

*W. M. Williams* and *R. M. Nichols* for appellant.

(1)   Under section 3236, Revised Statutes 1899, (which was section 5595, R. S. 1879) it has been held that a referee is not included within the meaning of said statute, and is consequently not entitled to a free bill for allowance as such referee, by virtue of said statute. R. S. 1899, sec. 3236; Conroy v. Frost, 38 Mo. App. 355; Demsey v. Schwickardt, 62 Mo. App. 167.   (2) The fulfillment of the agreement, made during the progress of the case for the benefit of the referee, can only be coerced in the ordinary method provided by law, by petition, summons and answer, so the parties may have their day in court. The judicial action, voiced in the judgment of immediate payment, was without jurisdiction and without due process of law. Jones v. Yore, 142 Mo. 38, 43 S. W. 384.

*Henry H. Denison* pro se.

GOODE, J.—A suit was instituted February 7, 1899, in the circuit court of the city of St. Louis, by the plaintiff, George Manewal, against James M. Proctor for an alleged breach of contract on the part of the defendant in failing to furnish a correct abstract of title

to certain real estate. The contents of the petition were put in issue by a general denial filed April 15, 1899. On October 11, 1900, the case was referred to the respondent in this appeal (Henry H. Denison) for a decision on all the issues. Prior to the taking of testimony before the referee the following stipulation was entered into by the parties:

"It is hereby stipulated and agreed by and between the parties to the above-entitled cause that when the referee reports his finding to the court, if the finding is against the defendant, defendant will at once pay the referee's compensation, and if the finding is against plaintiff, plaintiff will at once pay the referee's compensation. Said payment shall not prejudice the rights of the party making it to recover such sums as he may advance under this stipulation if judgment finally goes in his favor."

After the hearing of the evidence the referee filed his report in the circuit court October 5, 1903, and with it a transcript of the testimony and exhibits. On October 21, following, the referee moved to be allowed compensation for the services rendered by him and was allowed $1,000 for services and $27 for expenses. The order of allowance is as follows:

"Now at this day the motion of Henry H. Denison, Esq., for an allowance for his services as referee herein coming on to be heard, comes the said referee in his own proper person, and the parties to this cause appear by their respective attorneys, and the said motion is submitted to the court, and the court having heard and duly considered the same as well as the arguments and statements of the said parties respectively, doth order that said referee be allowed the sum of one thousand dollars for his services herein, and the sum of twenty-seven dollars for expenses incurred by him, and that both said sums be taxed as part of the costs of this proceeding; and it appearing to the court from the stipulation entered into by and between the parties to this cause, and which

is made part of the record herein, that it was agreed between said parties that when the referee reported his findings to the court, if the finding was against the defendant, defendant would at once pay the referee's compensation, and if the finding was against the plaintiff, plaintiff would at once pay said compensation; such payment, however, not to prejudice the rights of the parties making it to recover such sums as he might advance under said stipulation should judgment finally go in his favor; and it further appearing to the court from the referee's report that the finding of said referee was against the defendant, it is therefore ordered by the court that the defendant in this cause at once pay to said referee the said sum of one thousand and twenty-seven dollars allowed as aforesaid, less the sum of two hundred and fifty dollars heretofore advanced by the defendant to the referee on account of his said services."

Thereafter on February 1, 1904, the referee filed a motion reciting the facts of the allowance and the above stipulation between the parties, and prayed the court to direct the circuit court to issue a fee bill in his favor for the sum of $777 in accordance with the terms of the order; the fee bill to be directed to the sheriff of Boone county for collection. The court sustained that motion and ordered the fee bill to issue. The order in question was as follows:

"Now at this day the court having heard and duly considered the motion of referee, Henry H. Denison, heretofore filed and submitted herein, for an order directing the clerk to issue a fee bill in his favor for the allowance heretofore made to him for his services as referee, doth order that said motion be sustained and that the clerk of this court forthwith issue a fee bill in favor of said referee for the sum of seven hundred and seventy-seven dollars in accordance with the terms of the order heretofore made, with interest from October 23, 1903, directed to the sheriff of Boone county, State of

Missouri for collection; the residence of the defendant being in said Boone county."

On March 2, 1904, the defendant, Proctor, filed a motion to quash the fee bill on the ground that it was not authorized by the statutes, was illegal and that he was not liable to the referee for the latter's costs until the termination of the litigation. It should be stated that the fee bill in the referee's favor was issued while the cause was still pending on the referee's report; in fact, we do not know whether it has been disposed of yet. The motion to quash the fee bill was overruled and Proctor appealed from the order overruling it. It is the propriety of the court's action on the motion to quash that we are called on to determine. This question appears to be settled by two decisions of this court. [Conroy v. Frost, 38 Mo. App. 351; Dempsey v. Schawacker, 62 Mo. App. 166.] Fee bills to collect the fees of certain court officers, jurors and witnesses, are authorized by section 3236 of the Revised Statutes of 1899 (R. S. 1889, sec. 4980; R. S. 1879, sec. 5595). The general theory in regard to the allowance and collection of the costs of litigation is that those matters are regulated by statutes and the statutes will be strictly construed. [Conroy v. Frost, supra.] Now a referee is not named among the court officials who are entitled to a fee bill, and the decision in the cases cited was that a fee bill cannot be used to collect a referee's costs, pending the final disposition of the cause. We have no doubt that a referee is an officer of the court appointed to perform certain work and that compensation for that work may be taxed as costs in the case. Neither do we see any good reason why he should not have the right to a fee bill to collect his costs the same as other officers have, instead of having to wait for final judgment. But the statutes have made no provision in his favor and, hence, he does not enjoy the remedy which is available to the officers named in the statutes.

It may be urged that the fee bill in this case is

equivalent to a special execution; that Mr. Denison was entitled to an execution for his costs and, in substance, got it. The process issued in his favor is in the form of a fee bill, and on no theory known to us could he rightly obtain an execution. That none of the court officers, nor anyone else except the parties litigant, is entitled to an execution for costs, was decided by the Supreme Court in an exhaustive opinion delivered by Judge GANTT. [Hoover v. Railroad, 115 Mo. 77, 21 S. W. 1076.] That opinion treats all the statutes of the State bearing on the subject of costs and reaches the conclusion that none of them authorizes an execution for the collection of costs to be issued in favor of any one except a litigant party. One section of the statutes (1573) says that in a case where costs shall be awarded before or upon the final disposition of the case, execution shall be issued forthwith by the clerk unless otherwise ordered by the party in whose favor such costs shall be awarded. That provision authorizes an execution in favor of a party to whom costs are awarded as soon as the award is made and might be argued to favor this respondent. But the question arises as to who are the parties intended by the statute; and in the case mentioned the Supreme Court held that no one could claim an execution for costs by virtue of that section except a party to the action; citing Beedle v. Meade, 81 Mo. 306.

The suggestion has been thrown out that the order for payment of the referee's costs was in the nature of a judgment in a proceeding between the referee and the defendant and, therefore, the former was entitled to an execution on it. The stipulation regarding the referee's costs which Manewal and Proctor made, unquestionably gave Mr. Denison, as referee, a right of action for his compensation against the party to whom his finding was adverse. But we cannot regard the order of the circuit court for an allowance of his fees, though it purports to be based on that stipulation, as in any sense a judgment in an action between him and Proctor. There were no

pleadings framed between them; Denison never filed a petition asking for a judgment against Proctor on the stipulation; Proctor was not called on to defend against the demand, nor brought into court by Mr. Denison. If the court's order is to be regarded as a judgment in favor of Denison and against Proctor, then it was a judgment entered in the case of Manewal against Proctor in favor of a party (Denison) who was no party to that controversy and without any preliminary proceeding or process. Such an interloping judgment in favor of a stranger cannot be engrafted on a litigation. Paddock v. Lance, 94 Mo. 283, 6 S. W. 241; Smith v. Transfer Co. 92 Mo. App. 41. The order was not, properly speaking, a judgment in Denison's favor, because no judgment could be entered in the action pending before the court except in favor of one of the parties to it. The order in one part directs the referee's fees to be taxed as costs in the action between Manewal and Proctor, and in another part refers to the stipulation and directs Proctor, the defendant, to pay at once the referee's costs. But the order must derive validity from the power of the circuit court to tax the referee's fees as costs; not from any supposed power to enter summary judgment on a stipulation the parties had signed regarding the referee's compensation. The court had no power to enter judgment on the stipulation; which, indeed, was not made in open court. It follows, therefore, that the process issued to enforce collection of the referee's fees, even if regarded as a special execution, was unwarranted, because it was not in favor of one who, in any true sense, was a party to the litigation. [Hoover v. Railroad, supra.] However, it was not an execution, but a fee bill. And as a fee bill is not authorized in favor of a referee, it should have been quashed.

The judgment is reversed and the cause remanded with directions to the court below to sustain the motion of the defendant to quash the fee bill. All concur. *Bland, P. J.,* in result.