O. W. CHILTON AND S. E. JUDEN, APPELLANTS, v. DRAINAGE DISTRICT No. 8 OF PEMISCOT COUNTY, MISSOURI, RESPONDENT.

Springfield Court of Appeals. May 20, 1930.

---

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 861, p. 966, n. 34; Courts, 15CJ, section 512, p. 1082, n. 66.

*Von Mayes* for appellants.

*C. G. Shepard* for respondent.

BAILEY, J.—This suit was instituted in the Circuit Court of Pemiscot county, on February 28, 1929. Petitioners state that plaintiffs are engaged as partners, doing business under the firm name of Democrat-Argus, and engaged in the publication of a newspaper, known as the "Democrat-Argus" in the city of Caruthersville. The suit is for the collection of costs of publication in diver suits for delinquent drainage taxes due defendant, which publications or notices, it is alleged, are required by law. The amounts due the defendant, together with dates are set out in an itemized statement and judgment is prayed in the total sum of $423.14.

A demurrer was filed to plaintiffs' petition by defendant drainage district, which said demurrer, after due hearing was sustained, and plaintiffs' petition dismissed. No motion for new trial was filed but an appeal was taken to this court from the judgment of dismissal. Under such circumstances it has been frequently declared by our Supreme Court that certain material errors arising on the face of the record proper may be reviewed by an appellate tribunal, although the error complained of was not raised in the court below either by motion for new trial or in arrest of judgment. [State v Marshall, 36 Mo. 400; Childs v. Railway, 117 Mo. 414; Davis v. Jacksonville Line, 126 Mo. 69; Sweet v. Maupin, 65 Mo. 65.]

We therefore consider the cause properly before this court except for the fact that plaintiffs have raised a constitutional question, and make the point in their brief that defendant contends that by virtue of section 4496 and section 12959 of Revised Statutes 1919, defendant is not liable. It is urged that such statutes, if so construed, would interfere with the freedom of contract and would deprive plaintiffs of their property without due process of law, in violation of section 10, article 1, of the United States Constitution, and of section 1 of the Fourteenth Amendment to the United States Constitution and sections 4 and 30 of article 2, of the Constitution to the State of Missouri.

While it is true, in so far as the record shows, this point is raised for the first time in this court, we consider the point is raised at the first time available to plaintiffs under the particular procedure involved in sustaining a demurrer to the petition and dismissal thereof.

We therefore consider a constitutional question is involved and the jurisdiction is lodged in the Supreme Court of the State of Missouri, under the provisions of section 12, article 6, of the Constitution of this State. The cause should therefore be transferred to the Supreme Court. It is so ordered. *Cox, P. J.,* and *Smith, J.,* concur.