O. W. CHILTON and S. E. JUDEN, APPELLANTS, v. DRAINAGE DISTRICT No. 8 OF PEMISCOT COUNTY, MISSOURI, RESPONDENT.—63 S. W. (2d) 421.

Springfield Court of Appeals, September 5, 1933.

Rehearing denied, October 7, 1933.

*Von Mayes* for appellants.

*C. G. Shepard* for respondent.

BAILEY, J.—Plaintiffs, engaged in publishing a newspaper known as The Democrat-Argus, in the City of Caruthersville, Missouri, brought this suit to recover the cost of certain notices of publication published in their said paper in delinquent tax suits instituted at the instance of defendant. A demurrer was sustained to plaintiff's petition by the Circuit Court and an appeal from a judgment dismissing plaintiffs' petition was taken to this court. Thereafter, this court, believing a constitutional question had been fairly raised, transferred the cause to the Supreme Court. [Chilton v. Drainage District, 28 S. W. (2d) 120, 224 Mo. App. 467.] The Supreme Court, in an opinion rendered, decided there was no constitutional question within the meaning of the constitution and ordered the cause retransferred to this court. [Chilton v. Drainage District, No. 30911, not yet officially reported.] The petition is bottomed upon the allegations that plaintiff published certain itemized orders of publication in delinquent drainage tax suits, instituted at the instance of defendant drainage district, in which suit defendant recovered judgment but refused to pay plaintiffs for the costs of publication. It is unnecessary to set out the petition to which the demurrer was sustained since the only question involved is whether or not defendant, under the pertinent statutes, is liable for said costs.

Plaintiffs assert they have a right to maintain this action under the provisions of Section 13771, Revised Statutes of Missouri 1929, which in part reads as follows: "When any notice or advertisement relating to any cause, matter or thing in any court of record shall be required by law or the order of any court to be published, the same, when duly published, shall be paid for by the party at whose instance it was published, etc." Defendant asserts that the foregoing statute has no application in this case, for the reason that the collection of delinquent drainage taxes and the costs in connection therewith is governed by a special statute, i. e., Section 10828, Revised Statutes Missouri 1929, which contains, among other provisions, the following:

"The suit shall be brought by the attorney for the drainage district in the name of, and to the use of, the collector of the revenue, of the County wherein the land lies, against the land or other prop-

erty, on which said drainage tax has not been paid. The pleadings, process, proceedings, practice and sales, in cases arising under this article, shall, except as herein provided, be the same as in an action for the enforcement of the state's lien for delinquent general taxes upon real estate. . . . In all suits for the collection of delinquent taxes, the judgment for said delinquent taxes and penalty shall also include all costs of suit and a reasonable attorney's fee to be fixed by the court, recoverable the same as the delinquent tax and in the same suit.''

Referring to the law relative to the enforcement of the State's lien for delinquent taxes upon real estate, Section 9969, Revised Statutes of Missouri 1929, after providing for the allowance of fees, including the sheriff and printer, further provides that, ''in no case shall the State, county or city be liable for any costs, etc.'' We also have a general statute governing the publication of orders of publication against nonresident defendants. Section 739, Revised Statutes of Missouri 1929.

Plaintiff's contention is, that when they published the itemized notices at the instance of defendant, in a suit to enforce the lien of the drainage district for delinquent drainage taxes, the district became primarily liable for the cost of said publications, and that plaintiffs are not limited to the remedy afforded by the statutes regulating the sale of real estate after judgment in delinquent tax suits, wherein the publisher's fees are included as costs, but may maintain an independent action against the district for said costs under the provisions of Section 13771, supra. A similar contention was made in the case of Chilton et al. v. Pemiscot County, 50 S. W. (2d) 645. The Supreme Court in that case held that Section 13771, supra, is applicable to the publication of notices or advertisements made in ordinary civil actions but that, in a suit to enforce the lien of the State for taxes, the special provisions of Section 9969, Revised Statutes of Missouri 1929, supra, prevail over the provisions of Section 13771, and that said statute specifically exempts the State and County from any liability on any claim for costs, including printer's fees, incurred in such proceedings. The general rule, as to ordinary actions is, that each party litigant is primarily responsible for the costs he incurs. [State ex rel. v. Wilson, 174 Mo. 505, l. c. 509, 74 S. W. 636.] In so far as the officers of the Court might have claims for fees the statute has provided a method by which they are enabled to collect their fees through the medium of a fee bill. [Section 11776.] But this section applies only to the officers therein named. [Manewal v. Proctor, 112 Mo. App. 315, 87 S. W. 30.]

It therefore could afford no relief to the publisher of an order of publication to obtain service against a nonresident. Section 13771,

supra, was no doubt intended to grant such publisher relief in· an ordinary civil action. The section would apply, we think, not only to public notices required by law, but to the publication of an order of publication to obtain constructive· service against a nonresident defendant. [State ex rel. v. Schmoll, 282 S. W. 702, 1. c. 706.]

·It therefore follows ·that Section 13771 would apply and permit the maintenance of this suit unless some· other exclusive remedy is provided by law.· We have set forth the provisions of·Section 10828, supra, relative to· the ·collection of delinquent drainage taxes.· It provides the manner in which the·suit shall be brought and that the pleadings, process, proceedings, etc., shall be the same as in an action for the enforcement of the State lien for delinquent·taxes upon·real estate. It further provides that in the ·judgment· for delinquent drainage taxes shall be included all costs of· suit and attorney's·fees, "recoverable the same as the delinquent tax and in the same suit." It is a well recognized rule of construction·as to ,statutes that ordinarily where a statute limits a thing to be done in a particular form it includes in itself a negative, namely, that such thing shall not be done in any other manner. [State ex rel. Barlow v. Holtcomb, 14 S. W. (2d) 646; State ex inf. Conkling v. Sweaney, 195 S. W. 714.]

The method provided for the collection of delinquent drainage taxes is the same as that provided for the collection .of delinquent taxes against real estate and we think, under the decisions, it is the exclusive and only method. Section 9969 provides for the fees of the printer in delinquent tax suits and further provides that they shall be taxed as costs. While that section, as heretofore indicated, specifically exempts the State and County from liability for· costs, we think, that irrespective of the exemption in that statute, a Drainage District would not be liable for costs, including the publisher's fees, for the reason that the specific provisions of Section 10828, supra, provide that all costs shall be recoverable the same as in delinquent tax suits and said section supersedes the provisions of Section 13771 upon which this suit is based. In the case of Chilton v. Pemiscot County, supra, the Supreme Court not only held that Section 9969, applicable to suits to enforce the lien of the State for real estate taxes, prevails over Section 13771 and specifically exempts the State and County from the payment of costs, but further held that no other method for the payment of fees for printing notices to collect delinquent taxes is made by statute. This suit is governed by that same statute. We do not think it necessary to decide whether or not a Drainage District was included with the County and State in the exemption clause. Reading the applicable statutes together, it is apparent that costs in delinquent taxes due a drainage district are recoverable only in the same suit with the judgment for taxes and

must be collected by the exclusive method provided for the collection of taxes against real estate. No provision is made in the latter law for the collection of any costs by a separate action for that purpose, such as is attempted here. The costs must be recovered and collected out of the proceeds from the sale of the property and are entitled to priority out of said proceeds over the claim of the State, County or Drainage District. [State ex rel. v. Wilson, supra.]

In Chilton v. Pemiscot County, supra, the Supreme Court ended its opinion by the statement that, ''In publishing notices and advertisements in the course of a proceeding to enforce the State's lien for real estate taxes, the printer does so in contemplation of the terms of the statute, and is thereby restricted to the proceeds of the sale for the payment of his fees.''

We think that language is appropriate in this case and that defendant is not liable in this action under the statutes. The judgment is accordingly affirmed. *Allen, P. J.,* and *Smith, J.,* concur.