**STATE of Missouri, Respondent,**

v.

**Tyrone MATTHEWS, Appellant.**

**No. 35476.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 16, 1974.

Thomas W. Shannon, Pros. Atty., Dennis F. Kay, Asst. Pros. Atty., St. Louis, for respondent.

Brady, Brady & Devereaux, St. Louis, for appellant.

CLEMENS, Judge.

Defendant, Tyrone Matthews, was charged by information with circulating " 'Movies' showing men and women engaging in various sexual acts which were lewd, licentious, indecent and lascivious" in violation of Section 563.280, RSMo. 1969, V.A.M.S. Defendant was convicted and fined $500.

The evidence at trial was that a plainclothes police officer entered an "adult bookstore," got change from defendant who was working behind a counter, went to a mini-movie machine and viewed a film which he said showed sexual intercourse and sodomy. After viewing the film the officer arrested defendant and seized three containers of film from the mini-movie machines and one from a display case. Following oral testimony, the case was continued until the following day when a "certain film" was viewed by the court.

Defendant contends on appeal that since the film was neither identified nor introduced into evidence his conviction cannot stand. We agree.

The seized film was neither formally identified as an exhibit nor offered

in evidence by the state. It was viewed by the trial court in an adjourned session but not incorporated into the transcript as required by Rules 81.12(b) and 81.14(a), V.A.M.R., requiring the inclusion of all evidence "necessary to the determination of all questions to be presented to the appellate court for decision." An appellate court must take the trial record as it finds it. Fred Wolferman, Inc. v. Root, 356 Mo. 976, 204 S.W. 2d 733[9] (1947). Matters not transcripted may not be considered on appeal, State v. Burrington, 371 S.W.2d 319[3] (Mo.1963), even though viewed by the trial court in chambers. State ex rel. Kerstner v. Sanford, 127 Mo. 368, 30 S.W. 112[2] (1895).

It follows that the seized film is not before us for review and its alleged obscenity is not shown by the record. The evidence required to show defendant's guilt is lacking and accordingly the judgment of conviction is reversed.

SMITH, P. J., and McMILLIAN and GUNN, JJ., concur.