### N. R. CROOM and others *v.* J. K. MORRISEY.

Writs signed in blank by Clerks, and handed to attorneys for their use, if subsequently filled up by the latter are regular and sufficient writs. At all events, such writs when returned and received by the Clerk are regular as against him. Prosecution bonds taken by the Attorneys in such cases are as if taken by the Clerks, and will prevent the incurring of the penalty for not taking such bonds, even although not *returned* at the first Court with the writ.

(*Wright* v. *Wheeler*, 8 Ire. 184, cited and approved.)

DEBT for a penalty in not taking a prosecution bond, tried before *Buxton, J.*, at MOORE, Spring Term 1869.

The plaintiffs here had been defendants in the suit in which, as was alleged, no prosecution bond had been taken. It appeared that the writ in the former case had been handed in blank signed by the Clerk, to an Attorney, who afterwards in the Clerk's absence filled it up; and that subsequently it was executed, returned and filed. It was also shown that the Attorney, before issuing it, had taken a prosecution bond, but that it was not filed in Court until the second term after the return of the writ.

Upon this state of facts the jury, under the instructions of his Honor, found a verdict for the defendant.

Rule &c., Rule discharged, Judgment, and Appeal by the plaintiffs.

*Dowd and McIver*, for the appellant, cited *Shepherd* v. *Lane* 2 Dev. 148, and *Wright* v. *Wheeler*, 8 Ire. 184.

No counsel *contra.*

PEARSON, C. J. We are of opinion that the act of the Clerk in signing the blank writ and handing it to the Attorney, was sufficient authority for him to fill the blanks; and that after the blanks were thus filled, it became a regular and and sufficient writ, like endorsing a note in blank, or signing a promissory note in blank, with authority to insert the true amount.

But at all events, as this paper was returned to the Clerk and received by him and regularly docketed by him as the writ or leading process in the case, by these acts he recognized and adopted the writ as regularly issued, and is concluded from the defence that it was done by one not authorized by him. *Wright* v. *Wheeler*, 8 Ire. 184.

The only question then is—did the Clerk take a sufficient prosecution bond before issuing the writ?

*Qui facit per alium, facit per se.* Had the bond taken by the Attorney been returned at the same time with the writ, we presume no question ever would have been made about it: so the real objection is that the bond was not filed with the writ. But as the bond was filed in time for the purposes of the defendant, we are of opinion that the delay did not vacate the bond, or have the legal effect to prevent the acts done from amounting to a compliance with the requirements of the law.

PER CURIAM.                              Judgment affirmed.