### William Garrison and another v. George Hoyt.

*Sheriff: Statute construed: Justice's summons.* The statute (*Comp. L., 1857,* § *421*) prohibiting any sheriff from drawing up, or filling up, any writ, etc., for any party, is applicable to the case of the alteration, by a sheriff, by the authority of the justice, of the teste and the return day of a justice's summons ; such alteration being forbidden and illegal, renders the summons void.

*Justice's summons: Alteration of teste and return day.* Any alteration of the date and return day of a justice's summons, not made by the justice himself, or by another in his presence and under his direction, renders the summons void.

*Heard October 10.    Decided October 15.*

Error to Shiawassee Circuit.

*Hugh McCurdy,* for plaintiffs in error.

*Turner & Kilpatrick,* for defendant in error.

CHRISTIANCY, CH. J.

This was a judgment of a justice of the peace, in favor of the plaintiffs in error, against the defendant in error,

which was removed to the circuit court for the county of Shiawassee, by *certiorari.*

The affidavit of defendant, for the *certiorari,* sets forth that, in the copy of the summons served upon him, the teste was the 14th day of October, and the return day the 27th of that month (and he attached the copy), and that defendant did not appear, because he was informed such a summons was void.

The justice returns, that the summons was originally tested and issued October 14th, returnable on the 25th, but says: "On the 20th of October, I had a conversation with A. G. Kelso, sheriff of said county, in which he informed me that he had not yet served said summons, and that the teste and return days would have to be altered (or the dates would have to be changed). I then authorized the sheriff to make the necessary alterations, and have the return day on the 27th day of October, at ten o'clock A. M. The said summons, on or before the return day thereof, was delivered to me, bearing date (its teste) October 17th, 1871, and returnable October 27th, 1871, at ten o'clock in the forenoon, with a return thereon, signed by A. G. Kelso, sheriff, that the same was personally served on the said George Hoyt, on the 20th day of Octobor, 1871."

He then states, that the defendant did not appear on the return day, and that he proceeded to hear the case, and rendered the judgment. The return then further states: "And I do further answer to the matters set forth in the copy of the affidavit on which the said writ of *certiorari* was allowed, and I do certify and return, that the entry and record of said judgment gave, originally, the teste day of said summons as of the 17th day of October, A. D. 1871, and that said record, so far as relates to the teste day of said summons, or return day thereof, has not been altered, erased, or amended, in any manner whatever."

This last statement only shows that the issue of the summons was not entered on the docket at the time the summons was issued, nor until it was returned by the sheriff. It neither answers, nor tends to controvert, any statement in the affidavit to which it purports to be an answer, and therefore has no possible effect (as was urged by counsel for defendant in error), upon the question whether, when served upon the defendant, the teste was the 14th day of October, instead of the 17th.

The only question in the case, is upon the validity of the alterations made by the sheriff, in the teste and return day of the summons, and the validity of the summons, when thus altered.

While we see no reason to doubt that the filling up, or alteration, of process, by another person, by the direction, and *in the presence, of the justice,* where no discretion is given to the person thus acting as a mere clerk or amanuensis, is to be treated as the official act of the justice himself, yet, independent of any statute provision upon the point, we think it exceedingly questionable whether the alterations made in the present case could be held valid, as the act of the justice. They do not appear to have been made in the presence of the justice, and the inference is very clear, that they were not. The justice says he authorized the sheriff to make the necessary alterations, so as to make the return day on the 27th, instead of the 25th. This authority was given on the 20th, and no instruction was given to the sheriff as to the date or teste; this seems to have been left discretionary with the sheriff; and he exercised that discretion by dating it back three days prior to the date when the alteration was made, and which, as it was, in effect, a new summons, if any thing, must, if valid, have been considered as the day of its issue. The right of the justice himself, thus to date back a new sum-

GARRISON v. HOYT.

mons, prior to the date of its issue, may well be doubted, and it certainly was not a necessary alteration to make it returnable on the 27th.    But it does not even appear, by the record, that the alterations were made by the sheriff; all that appears is, that, when the summons was returned, these alterations were in it.    Such a practice, if allowed, would be a dangerous one, as the question raised by the defendant's affidavit, in the present case, shows; opening a wide door to fraud and imposition.

But, whatever might be the true rule, independent of express statute, § *421, Compiled Laws of 1857* (*Comp. L. of 1871,* § *562*), expressly prohibits any sheriff from drawing up, or filling up, any writ, declaration, plea, or process, for any party.    The justice, in filling out a summons, does it for the plaintiff who applies for it, and the sheriff, in thus acting under his authority, is doing the same; and we think the present alteration, if made by the sheriff, comes clearly within the purpose and policy of this statute; and his act, in making the alteration, being clearly forbidden and illegal, rendered the summons void.

The circuit court was right, therefore, in reversing the judgment, and that judgment must be affirmed, with costs in all the courts.

The other Justices concurred.