JEREMIAH CONROY, Plaintiff; JAY L. TORREY, Appellant, v. R. GRAHAM FROST, Defendant; H. L. EDMUNDS, Respondent.

St. Louis Court of Appeals, December 17, 1889.

1. **Judgment:** ENTIRETY OF ENTRY. A record entry of a final judgment with award of execution, and concluding with an allowance to a referee, is not necessarily an entirety, so as to make the allowance an inseparable part of the judgment; and a subsequent order setting aside the entry of judgment and entering judgment for another amount, but making no reference to the allowance, does not of itself affect the latter.

2. **Practice, Trial:** FEE BILL. A referee, in whose favor an allowance has been made and taxed as costs, is not entitled to a fee bill for the collection thereof prior to the final determination of the cause; and, if the cause is pending on appeal, no fee bill can issue, though no *supersedeas* bond was given by the appellant. (Revised Statutes, 1879, section 5595, *construed.*)

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED (*with directions*).

*Everett W. Pattison,* for the appellant.

(1) There was no allowance in force in favor of the referee. The judgment wherein the allowance was made was set aside, and the new judgment contained no order as to the referee's fees. R. S., sec. 3626; *Wall v. Covington,* 76 N. C. 150; *Bennett v. Kroth,* 37 Kas. 235. (2) Plaintiff is not liable to the referee, even in a case where an allowance has been properly made, until the litigation is at an end. *Carroll v. Hardy,* 21 Mo. 66; *Trail v. Somerville,* 22 Mo. App. 308; *Whitsett v. Blumenthal,* 63 Mo. 480; *Stone v. Locke,* 48 Maine, 425; *Adams v. Railroad,* 18 Mo. App. 373; *Inhabitants of*

*Pelham v. Aldrich*, 8 Gray, 515; *Supervisors v. Briggs,* 3 Denio, 173; *Warfield v. Watkins*, 30 Barb. 395. And then only as a part of the judgment. Cases above cited; also, *Mfg. Co. v. Glenn*, 50 Ala. 489. (3) A referee is not one of the officers named or referred to in section 5595 of Revised Statutes; hence, there is no authority for the issuance of a fee bill at the instance, or for the benefit, of a referee. See cases above cited; also, *Steel v. Wear*, 54 Mo. 534; *Gordons v. Maupin*, 10 Mo. 352; *Shed v. Railroad,* 67 Mo. 687; *Thompson v. Elevator Co.*, 77 Mo. 520; *Ford v. Railroad*, 29 Mo. App. 616.

*H. L. Edmunds*, for the respondent.

(1) The allowances were made in favor of respondent November 19, 1888, and were ordered to be taxed as costs in the case. The first judgment was rendered the same day as the order was set aside, but the order is not a part of that judgment and was not set aside by the second judgment. *Gamble v. Gibson*, 83 Mo. 290; *Hurck v. Erskine*, 50 Mo. 116. (2) The fee bill issued in pursuance to section 5595, Revised Statutes. The referee is clearly one of the officers contemplated in that section. *Trail v. Somerville*, 22 Mo. App. 314.

ROMBAUER, P. J., delivered the opinion of the court. This is an appeal prosecuted by a surety upon a bond for costs, from a judgment overruling his motion to quash a fee bill, which had been issued against him and in favor of the respondent for an allowance made to the latter by the court for his services as referee in the case, and for expenses incurred by him in employing a stenographer. The facts upon which the points of law arise are as follows : In an action brought by the plaintiff against the defendant, the respondent Edmunds was appointed referee by the court, and filed his report recommending judgment in favor of the plaintiff for nineteen hundred and fifty-six dollars and twenty cents. Exceptions were filed to this report by the

defendant; the court overruled these, and rendered judgment in conformity with the referee's report, November 19, 1888. The record entry of this judgment concludes as follows : "Therefore it is considered by the court that the plaintiff recover of the defendant the debt aforesaid as found, together with his costs and charges herein expended, and have execution therefor, and it is ordered by the court that Henry L. Edmunds, referee herein, be and he is allowed the sum of five hundred dollars as and for his services herein, and that he be allowed the sum of two hundred and one dollars and fifty cents as and for the stenographer's bill herein, and that said sums, so allowed, be taxed as costs in this cause." After judgment thus entered, the plaintiff filed his motion to vacate the order allowing the referee the above amounts, claiming that the order was improvidently made, and that the allowance was excessive. This motion, however, the plaintiff withdrew December 1, 1888. On the twenty-first of January, 1889, the court, upon a motion for rehearing made by the defendant, set aside the judgment entry of November 19, 1888, and entered a new judgment in favor of plaintiff, concluding as follows : "It is, therefore, considered by the court, that the plaintiff have and recover from the defendant the aforesaid sum of eleven hundred and seventeen dollars and sixty-four cents, together with his costs and charges herein expended, and have execution therefor." This judgment entry did not in any way mention the order of allowance theretofore made by the court in favor of the referee.

An execution was issued on this judgment in favor of the plaintiff and was returned *nulla bona*, although it does not appear that such execution was issued at plaintiff's request. The plaintiff, being dissatisfied with the judgment, took an appeal to the supreme court, and gave a *supersedeas* bond, prior to the return of this execution. In May, 1889, and subsequent to this

appeal, a fee bill was issued by the circuit clerk in favor of the referee, being the fee bill sought to be quashed in this proceeding by the plaintiff's surety on the bond for costs.

The surety, appealing from the judgment of the court refusing to quash the fee bill, assigns the following errors : *First.* That the judgment entry, wherein the allowance was made, having been set aside, the allowance to the referee was vacated, because the subsequent judgment entry contained no order as to the referee's fees. *Second.* That the plaintiff is not liable to the referee until the litigation is at an end.

The first assignment must be ruled against the appellant. There is nothing in the record to indicate that the allowance to the referee has ever been vacated; on the contrary, it appears that all proceedings for that purpose were withdrawn by the plaintiff himself. The mere fact, that the order of allowance to the referee is contained in the same entry with the judgment in favor of the plaintiff, does not necessarily constitute it an inseparable part of the judgment entry. It follows the completed judgment entry after the clause awarding execution, and is in fact nothing else but an order of allowance of specific costs.

On the second assignment the law is clearly with the appellant. The allowance and taxing of costs is matter of statutory origin, and that all statutes touching costs and fees must be strictly construed against the party claiming them is the well-settled law. *Shed v. Railroad*, 67 Mo. 687; *Thompson v. Union Elevator Co.*, 77 Mo. 520; *Ford v. Railroad*, 29 Mo. App. 616. Section 5595 of the Revised Statutes of 1879, under which the issue of this fee bill is sought to be upheld, does not include referees in express terms, and, as in the nature of things, no person can claim to be within the equity of a statute, which the policy of the law requires to be construed strictly against him, the respondent's claim, that he is within the equity of the

statute, is logically untenable. It has been held in *State ex rel. Fulkerson v. Emmerson*, 74 Mo. 610, that under section 5595, *supra*, the officers and persons named therein may have a fee bill issued for their fees against the persons liable for the same before the final determination of the controversy, and even though a *supersedeas* bond, suspending the execution of the judgment, has been given. In view of that decision the fact that a *supersedeas* bond was given by the plaintiff in this case is immaterial, and we rest our decision solely on the ground that the referee is not one of the persons within the purview of section 5595, and that, outside of that section, there is no statutory provision for issuing a fee bill in favor of any person before the final determination of the suit, except in cases where, as was said in *Trail v. Somerville*, 22 Mo. App. 314, interlocutory orders awarding costs to be paid at once, by one party, or the other, are made.

It results from the foregoing, that the appellant's motion to quash the fee bill should have been sustained by the court, and that its judgment must be reversed and the cause remanded with directions to the trial court to sustain the surety's motion. So ordered. All the judges concur.