Dempsey v. Schawacker.

---

DENNIS J. DEMPSEY *et al.*, Respondents, v. CHRIS. SCHAWACKER, Appellant.

St. Louis Court of Appeals, April 23, 1895.

**Costs:** FEE BILL IN FAVOR OF REFEREE. A fee bill for an allowance to a referee can not be issued in his favor prior to the final determination of the suit.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*William B. Thompson* and *William C. Marshall* for appellant.

*H. A. Loevy* for respondents.

BOND, J.—Plaintiffs brought a mechanic's lien suit against defendant, wherein they gave bond for costs, with Luke McLaughlin and John Nolan as sureties. The case was referred, and an agreement entered into for the compensation of a stenographer in taking and transcribing the testimony, "to be taxed as costs in this case, to be paid by the losing party." This stipulation was signed by one of the plaintiffs and defendant. The referee filed his report, and the court made an allowance of $1,270 for his compensation, and $1,073.25 for the services of the stenographer. The finding of the referee was in favor of defendant on a counterclaim and against plaintiffs on their cause of action, and was confirmed by the court. The court then sustained a motion of the referee and stenographer for execution against Luke McLaughlin, one of the sureties on plaintiffs' cost bond. Plaintiffs on the same day appealed to the supreme court from the judgment sustaining the referee's report. Thereupon plaintiffs and said McLaughlin filed separate motions to quash the execution for said allowances. These motions were sustained, and the defendant appealed to this court. There seems to be no bill of exceptions in the case. The only question for review is the ruling of the court in quashing the execution. One of the grounds of the motion to quash was that said referee and stenographer are not entitled to a fee bill

or execution for their said costs until a final determination of the case, if at all.

There are two methods of collecting costs in this state, one by execution, which must run in the name of one of the formal parties to the record who has full control of its collection; the other by fee bill, which may be issued after the term of the court, at or before which the services were rendered, in favor of the party entitled to fees for such services. R. S., sec. 4980; *Hoover v. Railroad*, 115 Mo. 77; *Beedle v. Mead*, 81 Mo. 306. It has been expressly decided by this court that a referee is not one of the persons within the purview of section 4980. *Conroy v. Frost*, 38 Mo. App. 351. The record in this case wholly fails to show the award of any *costs* in favor of the formal parties to the record, which authorized the issuance of an execution before final judgment, as contemplated by section 2946 of the Revised Statutes. In all other cases, except as provided in that section and in section 4980, *supra*, no execution or fee bill can rightfully issue for the collection of costs prior to the final determination of the suit. It follows, therefore, that the process quashed in this case was issued prematurely, and the ruling of the circuit court will be affirmed. All concur.