JAMES R. LUCAS, Respondent, v. LUCY M. BROWN, Guardian, etc., et al., Appellants.

Kansas City Court of Appeals, January 6, 1908.

1. **COSTS: Common Law: Statute.** At common law no recovery of costs was allowed. The statutes authorizing such allowance are strictly construed and only costs incurred in substantial conformity to the statutory provisions are taxable.

2. ———: **Private Roads: Assessment of Damages: Statute.** Where in a proceeding opening a private road the landowner on appeal to the circuit court increases the amount of the damages allowed below, the petitioner is the losing party withing the meaning of the statute and becomes liable for the costs legally made.

3. ———: **Witnesses: Subpoenas: Service.** A subpœna is a process of court and must be issued and served in the manner prescribed by statute and must contain the names of the witnesses to whom it is directed and subpoenas signed by the clerk

and sealed with his seal but not containing the names of the witnesses are nothing more than pieces of paper and the fees of witnesses so summoned cannot be taxed as against the losing party.

4. ———: ———: ———: ———: **Custom.** The universality of the practice of issuing blank subpœnas cannot defeat the plain import of the statute.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*J. C. Hargus, Chas. W. Sloan* and *C. H. Skinker* for appellants.

(1)   This being a proceeding to condemn land for a private road all costs in the proceedings should have been adjudged against the petitioner and respondent. R. S. 1899, secs. 9462, 9464.   And it was error on the face of the record and under the evidence adduced on the hearing of the motion to retax the costs, to tax up any part of said costs to appellants, the landowners. (2)   A subpoena is a writ, summons or process commanding the appearance of a party under the penalty of disobedience to appear before the court.   2 Rapalje & Lawrence's Law Dictionary (1883), 1229; R. S. 1899, secs. 4661, 4662, 4671; Larimore v. Bobb, 114 Mo. 462; State v. Huff, 161 Mo. 492; 20 Ency. of Pl. and Pr., 1101, 1103; Horton v. Railroad, 26 Mo. App. 355; Wilson v. Railroad, 53 Mo. App. 342; McHoney v. Kerwin, 56 Mo. App. 462.   (3)   And a witness may waive service of subpoena by an officer and claim for attendance although there is no express statute authorizing it.   Wilson v. Railroad, 53 Mo. App. 342; McHoney v. Kerwin, 56 Mo. App. 462.   (4)   The witnesses served by sheriff of St. Clair county had the right to and did properly claim for attendance at the trial being sworn by clerk as required by statute during the term.   R. S. 1899, sec. 3260; Wilson v. Railroad, 53 Mo. App. 344, Veidt v.

Railroad, 109 Mo. App. 102. (5) The subpoenas when delivered to sheriff of St. Clair county were complete and authorized sheriff to serve same; the process was fair on its face. R. S. 1899, sec. 4661, 4662, 4671; Turner v. Franklin, 29 Mo. 285; Glasgow v. Rowse, 43 Mo. 479; State to use v. Dulle, 48 Mo. 288; Merchant v. Bothwell, 60 Mo. App. 341; State ex rel. v. Rainey, 99 Mo. App. 230. And the witnesses were bound to obey the process under penalty for disobedience. R. S. 1899, secs. 4664, 4665, 4666, 4667. (6) Where not violative of any statutory provision the practice under which a clerk has been accustomed to subscribe his name to a blank writ of summons and deliver it to the attorney with authority to fill up such blank and turn it over to the sheriff has been approved in many States. 20 Ency. of Pl. and Pr., 1110; Slater v. Carter, 35 Ala. 679; Stevens v. Ewer, 2 Met. (Mass.) 74; Potter v. Mfg. Co., 87 Mich. 59; Sweet v. Palmer, 95 Mich. 450, 54 N. W. 951; Merrill v. Townsend, 5 Paige (N. Y.) 80; Croon v. Morrisey, 63 N. C. 591; Wright v. Wheeler, 8 Ired. (N. C.) 184; 30 N. C. 184; Miller v. Hall, 1 Spears (S. C.) 1; Jewett v. Garrett, 47 Fed. 625 (U. S. Cir. Ct., N. J.); McWilliams v. Hopkins, 1 Wharton (Pa.) 276. (7) The evidence at the trial was undisputed that it was the general custom and practice for the clerk to sign and seal subpoenas and deliver to attorneys in the case to be filled out; that in this case the subpoenas were issued and sent to Hargus, attorney for appellants, on his request to be filled out. Aside from cases last cited we have no statute which expressly or by implication prohibits such practice; and our courts do recognize a practice with relation to serving and accepting service of subpoenas where there is found no express statute on the subject. Larimore v. Bobb, 114 Mo. 452; Wilson v. Railroad, 53 Mo. App. 344; McHoney v. Kerwin, 56 Mo. App. 462.

*Lee E. Crook, Rechow & Pufahl* and *Mann & Daniel* for respondent.

(1)    Respondent is not liable for the costs of any witness who appeared in response to a subpoena that was issued in blank, and the names of such witnesses inserted therein by a person residing at Osceola, in St. Clair county.    (2) Nor is respondent liable for the costs of the clerk issuing the three blank subpoenas, nor to the sheriff for serving the witnesses whose names were placed therein by the circuit clerk. Therefore the court properly retaxed the costs of these nine witnesses. (3)    The compensation of witnesses and liability therefor, and the mode of compelling their attendance was statutory.    6 C. L. A. 2009.    It is the holding in this State, that as at common law no recovery of costs was allowable, therefore the statutes were to be strictly construed.    Price v. Clevenger, 99 Mo. App. 536; Veidt v. Railroad, 109 Mo. App. 102.    (4)    Our statute expressly provides that the subpoena shall contain the names of all witnesses, for whom a summons is required, by the same party in the same cause at the same time who reside in the same county.    R. S. 1899, sec. 4662.    The statute also provides that subpoenas shall be directed to the person summoned to testify, etc.    R. S. 1899, sec. 4671.

JOHNSON, J.—In a proceeding brought by plaintiff to establish a private road over land of defendants, a jury in the circuit court assessed defendants' damages at a greater amount than that awarded by commissioners in the county court.    Judgment was entered against plaintiff on the verdict which included the costs of the proceedings incurred by defendants.    Afterward, on motion of plaintiff to retax, the court struck out a number of items entered by the clerk as a part of the recoverable costs.    Defendants appealed from the judgment sustaining the motion and present a num-

ber of grounds for reversal, only one of which we deem worthy of special consideration. It appears that the attendance at the trial of a number of defendants' witnesses was in response to subpoenas served by the sheriff which were incomplete at the time they left the hand of the clerk of the court. At the request of one of defendants' attorneys, the clerk officially signed and affixed the seal of the court to three subpoenas in which the names of the witnesses to be summoned were not inserted. These blanks were delivered to the attorney who, sometime after, had a clerk in his office write in the names of the witnesses and deliver the subpoenas to the sheriff for service.

The question we are called upon to decide is whether costs made in this manner by the successful party may be recovered from the losing party. As far as we are advised, it has not been before any of the appellate courts of this State for decision. We are cited to a number of decisions in other jurisdictions [Slater v. Carter, 35 Ala. 679; Stevens v. Ewer, 2 Met. (Mass.) 74; Potter v. Hutchinson Mfg. Co., 87 Mich. 59, 59 N. W. 517; Sweet v. Palmer, 54 N. W. (Mich.) 951; Merrill v. Townsend, 5 Paige (N. Y.) 80; Croom v. Morrissey, 63 N. C. 591; Wright v. Wheeler, 8 Ired. (N. C.) 184; Miller v. Hall, 1 Spears (S. C.) 1; Jewett v. Garrett, 47 Fed. Rep. 625; McWilliams v. Hopkins, 1 Whar. (Pa.) 276; Craighead v. Martin, 25 Minn. 41; Seurer v. Horst, 31 Minn. 479; Phinney v. Donahue, 67 Ia. 192; Garrison v. Hoyt, 25 Mich. 509; Clark v. Lyman, 10 Pick. (Mass.) 45; Abney v. Ohio Lumber Co., 45 W. Va. 446), but they afford us little aid for the reason that the question must be answered by the construction which should be placed on the language employed in our own statutes relating to the subject, and it does not appear in any of the cases cited that the statutory law dealing with the subject of compelling the attendance of witnesses and of assessing against the defeated

party the costs incurred by his opponent is the same as that in this State.

"At common law, no recovery of costs was allowed and when statutes were passed authorizing their allowance, they (the statutes) were always strictly construed (State ex rel. v. Seibert, 130 Mo. 1. c. 213, and cases there cited), and this rule of statutory construction obtains in this state." [Veidt v. Railroad, 109 Mo. App. 102.] Under this rule, defendants should be permitted to recover from plaintiff only such costs as were incurred by them in substantial conformity to the provisions of pertinent statutes.

"In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." [R. S. 1899, sec. 1547.] In a proceeding to establish a private road "if any person through whose land such road passes shall object on account of the amount of damages awarded to him (by the commissioners) an issue shall be made up in said court, and a jury sworn to determine the amount of damages to which the objector is entitled, and judgment shall be given in conformity to such finding, and an order for the establishment of the road shall be made as above and the costs of the trial shall be paid by the objector if the award of the jury shall be the same or a less sum than that awarded by the commissioners, otherwise the costs shall be paid by the petitioner." [R. S. 1899, sec. 9464.] The word *costs* in these sections means costs legally made, i. e., costs which the statutes provide shall be assessed and entered by the clerk as the costs of the case to be paid by the losing party. In the present case, plaintiff, because of his failure to maintain in the circuit court the adequacy of the award of damages made by the commissioners should be treated, under the section of the statute last quoted, as the losing party.

In dealing with the method by which a witness may claim his fees for attendance and mileage, the statutes provide (section 3259, Revised Statutes 1899): "Each witness shall be examined on oath by the court, or by the clerk when the court shall so order, or by the justice, as the case may be, as to the number of days of his actual necessary attendance *under subpoena or recognizance,* and the number of miles necessarily traveled; and in every case where a witness shall not, as such, have actually and necessarily attended such court, or before such justice, and withdrawn himself from his business during the full time for which pay is claimed, he shall not be allowed for more than one day's attendance." And that "the clerk of each court of record shall, on the application of any witness to have his fees allowed, enter on his book, under the title of the cause in which the witness was summoned or recognized, . . . the number of days he has attended and the number of miles he has necessarily to travel in consequence of the summons or recognizance, and shall swear the witness to the truth of the facts contained in said entry." [Sec. 3260.] In Veidt v. Railroad, supra, we held "that as the witnesses were not first sworn to the truth of the fee-book entry by the clerk, he was neither authorized to allow the fees for which they applied, nor to tax the amount thereof as costs in the case."

It would seem too plain for serious discussion that in order for the fees and mileage of a witness and the fees of the clerk and sheriff for issuing and serving a subpoena to be legally taxed as costs in the case, it must be made to appear that the attendance of the witness was compulsory and not voluntary and that the provisions of sections 3259 and 3260 of the statutes above quoted have been satisfied. The only method for compelling the attendance of the witness is that provided in section 4661, Revised Statutes 1899. "In all cases

where witnesses are required to attend the trial in any cause in any court of record, the summons shall be issued by the clerk of the court wherein the matter is pending, or by some notary public, or justice of the peace of the county wherein such trial shall be had, stating the day and place when and where the witnesses are to appear." The section following requires that the summons, or subpoena as it is called, "shall contain the names of all witnesses for whom a summons is required by the same party, in the same cause, at the same time, who reside in the same county, and may be served in any county in the State." The manner in which the subpoena may be served is prescribed in section 4671: "Subpoenas shall be directed to the person to be summoned to testify and may be served by the sheriff, coroner, marshal or any constable in the county in which the witnesses to be summoned reside or may be found, or by any disinterested person who would be a competent witness in the cause, and the sheriff, coroner, marshal or constable of any county may serve any subpoena issued out of any court of record of their county, in term time, in any county adjoining that in which the court is being held."

Obviously, under these sections of the statute, a subpoena must be regarded as a process of the court out of which it is issued. That it must be issued and served in the form and manner provided in order to be a valid process is a proposition we deem incontrovertible and, it follows from what we have said, that costs incurred under a process improvidently issued cannot be taxed against the losing party. In plain terms, the statute says a subpoena must be issued by the clerk and must contain the names of the witnesses against whom it is directed. This does not mean that the clerk, or one of his deputies, must perform the manual work of preparing the subpoena, but it does mean that when he officially signs it and affixes to it the seal

of the court, it must be complete in all substantial particulars. The subpoenas in controversy, when delivered by the clerk to defendants' attorney, were not lawful writs. They were nothing more than pieces of blank paper to which the clerk signed his name and affixed the seal of the court. Defendants' attorney was not empowered by law to issue writs of this character, nor was the clerk authorized to delegate to him the exercise of a power belonging to the clerk alone.

We appreciate what counsel have said relative to the universality of the practice followed in the present instance, but however general it may be, a mere custom should not be permitted to defeat the plain import of a statutory law. When the legislative will becomes crystalized into a statute, it is supreme, and practices or customs at variance with it must give way.

The judgment is affirmed. All concur.