MILLARD F. KNIGHT et al., Appellants, v. JEROME
DONNELLY et al., Respondents.

Kansas City Court of Appeals, February 1, 1909.

COSTS: Witness Fees: Voluntary Attendance: Subpoena.  A wit-
ness in a distant State came to Kansas City at the request of
plaintiff's attorney to testify as a witness.  The attorney sent
her a blank subpoena filled out by himself with the clerk's name
printed thereon, and the witness acknowledged service after
crossing the State line.  Held, the attendance was voluntary
and the subpoena was not sufficient, since it was not signed
by the clerk nor attested by the seal of his office.

Appeal from Jackson Circuit Court.—*Hon. Thomas J.
Seehorn,* Judge.

AFFIRMED.

*Laughlin & Kenworthy* for appellant.

(1) In Wilson v. Railroad, 53 Mo. App. 342, the
clerk of the court allowed and taxed as costs mileage
in favor of certain witnesses who had in writing ac-
cepted service of the subpoenas.  Subpoenas were reg-
ularly issued and the witnesses attended the trial.  Cem-
etery Assn. v. Dalton, 53 Mo. App. 345; McHoney v.
Kerwin, 56 Mo. App. 462; State ex rel. v. Seibert, 130
Mo. 222.

*Warner, Dean, McLeod & Timmonds* for respond-
ents.

(1) No instructions having been asked or given,
and the only exception being to the judgment, there is
nothing before this court for review.  Wilson v. Rail-
road, 46 Mo. 36; Clark v. Transfer Co., 127 Mo. 255;
Dickson v. Elevator Co., 44 Mo. App. 498; Mathewson
v. Kilburn, 183 Mo. 110. (2) In the absence of instruc-
tions, and of particular rulings, the presumption will

be indulged that the judgment was proper. Currey v. Bank, 100 Mo. App. 532; Dobbins v. Humphrey, 171 Mo. 198. (3) The so-called subpoena was null and void. Lucas v. Brown, 127 Mo. App. 645. (4) The attendance of the witness was voluntary. State ex rel. v. Wilder, 196 Mo. 418.

BROADDUS, P. J.—This is an appeal from the action of the court in retaxing costs. The plaintiffs recovered judgment. One of the plaintiffs' witnesses, Mrs. D. D. Lewis, claimed $57.70 as fees, $30 of which was for twenty-four days' attendance at $1.25 a day and $27 for 554 miles traveled by her; and the full amount was taxed by the clerk in her favor. The defendants filed a motion to retax said costs on the ground that as the witness had not been subpoenaed her appearance as a witness was voluntary, and that she was on the witness stand a part of one day only. The court on hearing sustained the motion and rendered judgment retaxing the witness' fees so as to allow for $1.25 only.

It was shown by the evidence that the witness resided at Detroit, Michigan. Plaintiffs' attorney at Kansas City wrote to her a letter requesting her to come to the trial, stating that he would send her a subpoena; that she could accept service on the same when she arrived inside of the State of Missouri; that her fees from that point to Kansas City would be sufficient to pay her fare from Detroit; that the amount would be advanced to her; that he would get some one to pay her the money; and that on these representations the witness consented to come. The case did not come to trial for several weeks after her arrival in Kansas City, but witness remained until it did and testified in the case during one day only.

It was shown that plaintiffs' attorney had in his office a printed, blank subpoena, having the name of the clerk printed thereon, but not having the signature

of the clerk or any of his deputies. The attorney filled in the blank spaces, name of witness, title of the cause, date for attendance, party on whose behalf she should attend, dated and mailed it to her at Detroit. Before mailing it, the attorney wrote on the back these words, "I hereby accept service of the within subpoena." The paper when introduced in evidence read as follows: "I hereby accept service of the within subpoena at St. Louis, Mo., Mrs. D. D. Lewis." Mrs. Lewis entered the State on her route at St. Louis and there accepted service of the subpoena by writing said acceptance.

As no instructions were asked or given, strictly speaking, there is nothing before the court to review. On the merits of the case, it may be said however, that the action of the court should be approved. The attendance of the witness was purely voluntary. "A subpoena is a process of court and must be issued in the manner prescribed by the statute. It must contain the names of the witnesses to whom it is directed and be signed by the clerk and attested by the seal of his office." [Lucas v. Brown, 127 Mo. App. 645.] The so-called subpoena was not such because it was not signed by the clerk or one of his deputies, which is an absolute requirement of the statute; therefore, the witness' attendance was voluntary and she was entitled to a fee only for attendance while testifying. Affirmed. All concur.