## Ex Parte WILLIAM R. NELSON.

### In Banc, December 24, 1913.

1. **COSTS.** Costs are purely creatures of statute, which must be strictly construed.

2. ————: **In Habeas Corpus.** Where petitioner is discharged the costs of the *habeas corpus* proceeding cannot be taxed against him, nor can they be taxed against the sheriff who held him under a writ of commitment, regular on its face, which had been issued by a court having jurisdiction of the subject-matter; and there being no statutory authority to tax the costs against either, no order in regard thereto can be made.

ON MOTION TO SET ASIDE ORDER TAXING COSTS AGAINST THE PETITIONER.

ORDER SET ASIDE.

*Frank P. Walsh, E. R. Morrison* and *James P. Aylward* for petitioner.

*Ed E. Yates, O. H. Dean* and *Willard P. Hall,* amicicuriae.

WALKER, J.—The original proceeding herein was based on an application for a writ of *habeas corpus* which was granted by this court and the costs taxed against the petitioner. Subsequently a motion was filed by the petitioner to set aside the order taxing the costs against him. This motion is the matter now under consideration.

At the common law no costs were recoverable. [City of St. Louis v. Meintz, 107 Mo. 611.] Costs in Missouri being, therefore, purely creatures of the statute, enactments in relation thereto must be strictly construed. [State ex rel. v. Seibert, 130 Mo. l. c. 217; St. Louis & Gulf Railway Co. v. Cape Girardeau, etc. Railway Co., 126 Mo. App. 272; Lucas v. Brown, 127 Mo. App. 645.]

We find upon an examination of our statute in regard to *habeas corpus* no provision therein in regard to the taxation of costs. Reference must be had, therefore, to the general statute which provides (Sec. 2263, R. S. 1909) that "in all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." In the application of this general rule to the case at bar, we are met with a condition which precludes the assessment of the costs against "the other party" or the officer who had the petitioner in custody at the time of the issuance of the writ. The officer, who was the sheriff of Jackson county, held petitioner under a writ regular on its face which had been issued by a court having jurisdiction of the subject-matter. This was ample to protect the sheriff and there is, therefore, no authority for the taxation of the costs against him; nor is there authority for the taxation of same against the petitioner. In addition to the absence of a statute, there is a manifest injustice in burdening the successful party to a proceeding with the costs of same,

especially in a *habeas corpus* suit where the purpose of the action is to secure the liberty of the petitioner.

We need not waste words on the contention made by "friends of the court" in their suggestions filed herein in support of their motion originally made asking the taxation of the costs against the petitioner, first, as stated by movents, that the sheriff who was the "other party" cannot be burdened with the costs, and, second, that costs must be adjudged against some party. That the costs cannot be taxed against the sheriff is evident; but that they must be taxed against some party, follows only if there is a statute authorizing such action, and there is none.

There being a *casus omissus* in this State in regard to the taxation of costs in *habeas corpus* proceedings, this court cannot, except by the usurpation of power, tax the costs herein against the petitioner or make any order in regard thereto. In the absence of such power we cannot and should not concern ourselves with payments of costs heretofore made by the parties to this proceeding or recognize any agreements entered into by them in regard to same.

In view of all of the foregoing the order heretofore made, taxing the costs against the petitioner, should be set aside, and it is so ordered. All concur, except *Bond, J.*, who dissents.