## LACLEDE LAND & IMPROVEMENT COMPANY, Appellant, v. FRANKLIN M. MORTEN et al., Respondents.

### St. Louis Court of Appeals, June 2, 1914.

1. **COSTS: Statutory Construction.** The entire subject of costs in both civil and criminal cases is a matter of statutory enactment, and such statutes must be strictly construed; so that an officer who claims costs which are contested must be able to point out the statute authorizing their taxation.

2. **NOTARIES: Fees: Certificate.** In view of the fact that Sec. 10712, R. S. 1909, authorizes notaries to charge "for certificate, attested by seal, fifty cents," a notary may charge fifty cents for affixing to an affidavit a jurat, signed by him and attested by his seal, notwithstanding that section further provides that, for services not enumerated, notaries shall receive the same fees as justices of the peace, who, by Sec. 10692, are limited to five cents for administering an oath and fifteen cents for affixing a certificate to an affidavit.

3. ————: **Powers.** Notaries are authorized by Sec. 10178, R. S. 1909, to administer an oath and make a certificate of that fact on an affidavit, but such act should be attested by a notarial seal.

Appeal from Reynolds Circuit Court.—*Hon. E. M. Dearing,* Judge.

*A*FFIRMED.

*J. B. Daniel* for appellant.

(1) Fee statutes must be strictly construed. Ring v. Vogel, 46 Mo. App. 377; Miller v. Muegge, 27 Mo. App. 670; Shed v. Railroad, 67 Mo. 687; Gordons v. Maupin, 10 Mo. 352; Ford v. Railroad, 29 Mo.App. 616; Watkins v. McDonald, 70 Mo. App. 362. (2) The fee allowed by statute for services rendered in this case is twenty cents. R. S. 1909, Sec. 10692, 10178, 10712; R. S. 1855, Chapter LXIV; Laws 1865, pp. 29 to 42 inclusive; General Statutes 1865, Chap. 32, pp. 173 to 182.

*R. I. January* for respondent.

The notary was entitled to a fee of 50 cents. Sec. 10712, R. S. 1909.

NORTONI, J.—This appeal is prosecuted by plaintiff. The question for consideration involves a ruling of the court on a motion to retax costs—that is, the fee of a notary public for taking and certifying an affidavit attested by his seal and taxed as costs against plaintiff. The amount in dispute between the parties to this record is but thirty cents, for the notary's fee taxed in the case is fifty cents, and it is argued by plaintiff the amount chargeable is twenty cents instead of fifty cents. However, it is said that more than 500 cases to which plaintiff, Laclede Land & Improvement Company, is a party are now pending in the same court, and the identical question with respect to the fee of the notary public abides in all of them, and, under a stipulation of the parties to those cases, the taxation of costs therein awaits the determination of this one.

This suit proceeds under the statute to quiet the title to certain lands claimed by plaintiff in Reynolds county, and a notice of publication to nonresident defendants was sued out therein. The other cases

involving the same question, it is said, are of like kind and character. The notice to nonresidents sued out in the instant case was published in conformity to law in the Reynolds County Outlook, a weekly newspaper printed and published in Reynolds county. The usual form of affidavit of the printer in proof of such publication of notice to nonresident defendants was prepared and signed by him. This affidavit of publication was sworn to by the printer before one J. F. January, a notary public, and the notary attached his jurat thereto in the ordinary form to-wit: "Subscribed and sworn to before me this— day of —, 19—." After administering the oath to the printer, the notary public affixed the above jurat to the affidavit and subscribed his signature thereto as a notary public and attested the act by his notarial seal. For this service, the clerk of the circuit court charged as costs in the case, in favor of the notary, the amount of fifty cents. Plaintiff moved that this charge in favor of the notary public for certificate attested by seal be retaxed and charged at the amount of twenty cents, because it is said such is the amount the law intends he should receive for such service. The question thus made is to be determined by reference to the statute concerning fees of the notary public, for the entire subject of costs in both civil and criminal cases is a matter of statutory enactment, and, moreover, such statutes are to be strictly construed. In other words, the officer claiming costs which are contested must be able to point out the statute authorizing their taxation. [See Ring v. Charles Vogel, etc., 46 Mo. App. 374.]

It is conceded that if the oath to the affidavit of publication had been taken by a justice of the peace and the jurat thereto subscribed by such an officer, the entire charge authorized by law therefor would be but twenty cents. By reference to section 10692, Revised Statutes 1909, prescribing fees for and the amounts to be charged by justices of the peace, it is provided the

justice is to be compensated "For administering every oath, five cents. . . . For certificate to affidavit, fifteen cents." These two items, considered together, for they are both required in perfecting an affidavit— that is, the oath or affirmation of the deponent is to be taken and the certificate of the justice in verification of that fact endorsed thereon—yield fees to that officer for such service in the amount of twenty cents. But another separate and distinct section of the statute prescribes the scale of fees for notaries public. Section 10712, Revised Statutes 1909, authorizes a notary public to charge a fee "For certificate, attested by seal, fifty cents." There seems to be no express provision in this section touching the matter of administering an oath as there is in the section above referred to pertaining to justices of the peace, but the concluding sentence of section 10712, relating to the fees of notaries, provides "And for all other services, the same fees as are allowed by law to justices of the peace in like cases." It may be that this provision would authorize the notary to charge an additional five cents for administering the oath to the affiant, in addition to the fee allowed for certificate, attested by seal, but as no point is made concerning this, the subject-matter will not be considered and an opinion concerning it is reserved.

It is argued that, as the statute is to be strictly construed, it does not reveal an intention on the part of the Legislature to allow a greater fee to a notary public for the same service than that authorized in favor of a justice of the peace, and it is said the last clause of the statute on notaries above referred to manifests a purpose of the Legislature to refer matters of this kind for determination by the schedule of fees prescribed for justices of the peace. But, obviously, this argument is unsound, for it appears the Legislature has pointedly, in express terms, fixed the fee in favor of notaries public to be "For certificate, attested by seal, fifty cents." It will be observed, by reference to sec-

tion 10692, concerning the fees of a justice of the peace, that the Legislature referred to such a service as ren-, dered here—that is, the endorsement thereon by the justice of his official voucher or jurat that the affiant had sworn to and subscribed the facts stated in the affidavit—as a "certificate," for it says "for certificate to affidavit, fifteen cents." Obviously, if this service of the justice be a certificate made by him in the process of taking an affidavit, then it is to be regarded in the sense of the Legislature as a certificate, too, when performed by a notary public. Section 10712, pertaining to the charges, reads, "For certificate, attested by seal, fifty cents." It appears, therefore, that the Legislature classified this service when performed by a justice of the peace as a certificate, and from this the intention is clear that the word "certificate," when used in connection with the notary's fees, intends, among other things, the same—that is, the affixing by the notary of a jurat to an affidavit taken by him—but requires the further act on his part of attestation by his seal. The word "certificate" is defined by Webster as "A written testimony to the truth of any fact." It is clear that the written jurat of a notary public officially made and attested by his seal is a written testimony to the truth of the fact that the affiant subscribed and was sworn to the affidavit in his presence and by him. Moreover, it appears by reference to the statute, section 10178, by which the powers of a notary public are conferred, that such an officer is authorized to "certify . . . affidavits . . . and administer oaths and affirmations in like cases and in like manner as justices of the peace are authorized by law." When these statutes are considered together, no one can doubt that the notary public is authorized to administer the oath to an affiant and to make a certificate of that fact on the affidavit identically as a justice of the peace is authorized to do so, and as was done in

this case, but the act of a notary should be attested by his seal.

It would seem that valid reasons appear in the statutes for authorizing a greater fee to the notary public for the same service than is allowed to the justice of the peace, when it is remembered that the notary public, by section 10180, Revised Statutes 1909, is required to keep a seal of office and attest his official acts therewith, and by section 10181 to make and execute a bond to the State, which may be sued upon by any person injured as a result of the misconduct of the notary in certain cases. At any rate, whether such reasons are to be considered or not, the statutes above referred to clearly reveal an intention on the part of the Legislature to allow this notary public a fee of fifty cents "For certificate, attested by seal" and such appears to be the service rendered by him in the instant case.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.*, and *Allen, J.*, concur.