# R. W. VAN TRUMP, Appellant, v. R. H. SANNE-MAN, Respondent.

**Kansas City Court of Appeals, June 12, 1916.**

1. **REFEREES: Costs: Motion to Strike Out: Fee Bills.** The statutes do not include referees or referees' stenographers among the court officers who are entitled to a fee bill and no such bill may be issued pending the final disposition of the cause in the circuit court.

2. ———: ———: ———: **Executions.** Without a judgment for one or the other parties to a cause, an incidental judgment for costs could not be rendered and an execution for costs must run in the name of the party in whose favor the judgment is rendered.

Appeal from Jackson Circuit Court.—*Hon O. A. Lucas, Judge.*

REVERSED AND REMANDED.

*Frank G. Warren* for appellant.

*W. F. Zumbrunn, Sebree, Conrad & Wendorff* and *Roy B. Thompson* for respondent.

JOHNSON, J.—This is an appeal from a judgment overruling plaintiff's motion to strike out certain items from a fee bill issued against plaintiff by the clerk of the circuit court and placed in the hands of the sheriff for collection.

The action brought by plaintiff was for an accounting between partners. A referee was appointed and after hearing the evidence he made and filed a report finding the issues in favor of plaintiff and that defendant was indebted to plaintiff upon an accounting in the sum of $422.43. Defendant's exceptions to this report were overruled but no judgment against

defendant was entered in the circuit court. The referee appended an itemized bill of costs to his report which included the fee of witnesses called by defendant and compensation to the referee and the stenographer employed by him to preserve the evidence, and an order was entered in the circuit court allowing these fees and charges which plaintiff concedes were reasonable and proper items of costs. Such was the state of the record when the clerk issued the fee bill containing the mentioned items and delivered it to the sheriff for collection against plaintiff.

Counsel for respondent filed no brief and did not appear and argue the case. From our inspection of the record and the light we have received from appellant's brief and argument, we are convinced that palpable error was committed against appellant and that the silence of respondent should be construed as a confession of error. Since no judgment has been rendered against plaintiff it is difficult to perceive any ground upon which a fee bill could be issued against him for costs made by defendant. Clearly the motion should have been sustained as to the fees of defendant's witnesses.

And it is just as clear that the fees of the referee and the referee's stenographer should have been stricken from the bill. No final judgment having been rendered for plaintiff on the referee's report, the cause is still pending in the circuit court. The allowance and collection of the costs of litigation are governed entirely by statute and the rule is well settled that such statutes must be strictly construed. They provide that "referees, in the absence of any special agreement, shall receive such compensation for their services as the court in which the case is pending may allow, not exceeding ten dollars per day" (Sec. 2016, R. S. 1909), and this statute has been construed to authorize the compensation of the referee to be taxed as costs. [Schwacker v. McLaughlin, 139 Mo. 333;

Turner v. Butler, 66 Mo. App. 380; Conroy v. Frost, 38 Mo. App. 351.]

But since the statutes do not include referees or referees' stenographers among the court officers who are entitled to a fee bill, none may be issued in their favor pending the final disposition of the cause in the circuit court. [Manewal v. Proctor, 112 Mo. App. 1. c. 319; Conroy v. Frost, supra; Dempsey v. Schwacker, 62 Mo. App. 166; Trail v, Somerville, 22 Mo. App. 1. c. 311; Watkins v. McDonald, 70 Mo. App. 1. c. 357.] Nor may we treat the fee bill as an execution for costs. Without a judgment for one or the other parties to the cause an incidental judgment for costs could not be rendered and an execution for costs must run in the name of the party in whose favor the judgment was rendered. [Hoover v. Railway, 115 Mo. 77; Dempsey v. Schwacker, supra, 1. c. 168.]

A fee bill is the proper remedy of officers and witnesses to recover fees for services rendered by them (Hoover v. Railway, supra,) and as we have shown is not a remedy available to a referee during the pendency of the suit.

The judgment is reversed and the cause remanded. All concur.