**DORN–CHRYSLER PLYMOUTH, INC.,**
Respondent,

v.

**Richard L. RODERIQUE, Appellant.**

No. 34561.

Missouri Court of Appeals,
St. Louis District.

Nov. 7, 1972.

1. Section 452.130, RSMo 1969, V.A.M.S.

can only be granted by virtue of express statutory authority. Humphrey v. Mc-Kown, Mo.App., 217 S.W. 851 [1, 2].

The order denying defendant's motion to retax costs is reversed and the cause remanded with directions to reduce the amount of the fee by $147.49.

DOWD, Acting C. J., and WEIER, J., concur.

Louis A. Robertson, St. Louis, for respondent.

Niedner, Moerschel, Nack & Ahlheim, St. Charles, for appellant.

CLEMENS, Judge.

Appeal from an order denying defendant's motion to retax $147.49 costs taxed against defendant for jurors' fees and mileage in a case settled on the day of trial before the jury was sworn.

Section 494.100, V.A.M.S., sets the rates for jurors' fees and mileage, declaring these are "to be paid out of the county treasury." Section 494.160, V.A.M.S., specifically governs the taxing of jury fees as costs in civil actions: "Whenever any jury provided for . . . shall serve in the trial of any case, other than criminal, there shall be taxed against the unsuccessful party and collected as costs the sum of twelve dollars as jury fees, which, when collected, shall be paid into the county treasury". We find no other statutory authority for taxing jury costs against an unsuccessful party.

It has long been settled in Missouri that costs are creatures of statute and that statutes allowing taxation of costs are strictly construed. McCrary v. Michael, 233 Mo.App. 797, 109 S.W.2d 50 [1]; Laclede Land & Improvement Co. v. Morten, 183 Mo.App. 637, 167 S.W. 658 [2]; Van Trump v. Sanneman, 193 Mo. App. 617, 187 S.W. 124 [3]. Courts have no inherent power to award costs, which