**C. Crawford McCLUE, Appellant,**

v.

**Joseph EPSTEN & Charles Liberman d/b/a
E–L Wholesale Liquor Co., Respondents.**

**No. KCD 26034.**

Missouri Court of Appeals,
Kansas City District.

March 5, 1973.

Whitney W. Potter, St. Joseph, for appellant.

Theodore M. Kranitz, Kranitz & Kranitz, St. Joseph, for respondents.

Before DIXON, P. J., and SWOFFORD and WASSERSTROM, JJ.

WASSERSTROM, Judge.

Plaintiff-Appellant sues in this case on an employment contract as sales director for defendants-respondents, under which defendants were to pay him a bonus equal to a specified percentage of the annual volume of business in excess of a stipulated amount. Defendants did pay plaintiff a bonus for the years 1968 and 1969, but plaintiff believed those sums to be insufficient.

He made demand that his attorney be permitted to see defendants' books and records to verify the correctness of the amount of the bonuses paid. Defendants' response was that they would permit an inspection of the books and records only by the plaintiff personally. Following the refusal by defendants to permit the inspection by agent, plaintiff filed this suit for an accounting and for damages.

After the case was at issue, plaintiff filed motion under Rule 58 for defendants to produce and permit inspection of their sales invoices, their tax returns, and the record of payments made by them to the plaintiff. Defendants moved for a protective order, and the trial court issued an order providing for production subject to certain conditions. This order provided in part that the records in question be made available "to plaintiff and his said certified public accountants, Larson, Morris & Co."

The trial of the case resulted in a jury verdict in favor of plaintiff in the amount of $6,208.66. The judgment of the court

was for that amount and plaintiff's "costs herein expended".

Thereafter, plaintiff filed a "motion to tax costs of audit to defendants". As grounds for the motion, plaintiff stated that he had paid Larson, Morris & Co. the sum of $2,879.40 for auditing defendants' records and the further sum of $250.00 for expert testimony in interpreting that audit. Plaintiff asked that the total of those sums aggregating $3,129.40 be taxed as costs against the defendant. This motion was overruled by the court pursuant to its finding that "the taking of the audit was discovery and not an item of costs, and the *Court cannot tax the same against the defendants*". The present appeal is limited to the sole contention that the ruling on that motion was error.

■ The legal principle controlling here is that no item is taxable as costs unless specifically so provided by statute. A leading case on the subject is State ex rel. Wander v. Kimmel, 256 Mo. 611, 165 S.W. 1067, l.c. 1073, where it was held:

> "At common law no costs were recoverable and none were taxed. Costs, including witness fees, are strictly creatures of statute, and the rule in this jurisdiction is the same as elsewhere, to wit, that provisions of the written law relating to costs must be strictly construed—i. e., by their letter. They cannot be aided by liberal construction or helped by equitable intendments or implications. Strict construction recognizes nothing that is not expressed. Ex parte Nelson (on motion for costs), not yet officially reported, [253 Mo. 627], 162 S.W. 167, where the cases from our courts are marshaled and the right doctrine announced."

Among the numerous decisions to like effect are, In re Thomasson, Mo., 159 S.W. 2d 626, l.c. 628; Ex parte Nelson, 253 Mo. 627, 162 S.W. 167; Dorn-Chrysler Plym-

outh, Inc. v. Roderique, Mo.App., 487 S. W.2d 48; State v. Taxpayer's League of St. Louis County, Mo.App., 115 S.W.2d 62; State ex rel. State Highway Commission v. James, Mo.App., 115 S.W.2d 225; Lucas v. Brown, 127 Mo.App. 645, 106 S.W. 1089; and Johnson v. Gehrig, Mo.App., 204 S.W. 411.

■ What is involved here is an attempt by a party to obtain reimbursement in the guise of costs of amounts spent by him in the preparation of his case through the employment of an expert witness. Plaintiff cites no statute of this State authorizing the taxation of this type of expense as costs. Independent research discloses no Missouri statute authorizing the allowance of this expert witness expense as costs, other than the allowance of the usual daily witness fee payable to all ordinary witnesses under § 491.280 V.A.M.S.

City of St. Louis v. Meintz, 107 Mo. 611, 18 S.W. 30, l.c. 31, applies to expenses of obtaining expert witnesses the controlling principle mentioned above:

> "It is therefore too clear to admit of any doubt that the words 'costs of proceedings' do not embrace counsel fees, nor allowances to expert witnesses beyond the *per diem* fees, nor the other expenses rejected by the court. The words include the ordinary fees prescribed by law, and compensation to the commissioners, but not such expenses as are claimed by these defendants."

There being no statutory authority for the allowance of these accountant fees as costs, the trial court had no choice but to rule as he did in refusing to tax these expenses as costs to be paid by the defendants.

The judgment is affirmed.

All concur.