**Cathy Jane WILSON, et al.,
Respondents,**

**v.**

**Ralph Eugene GOOD, Appellant.**

**No. WD 39888.**

Missouri Court of Appeals,
Western District.

April 5, 1988.

F. Allen Speck, Ronald L. Edelman of Sherman, Wickens, Lysaught & Speck, P.C., Kansas City, for appellant.

Roger M. Driskill of Driskill & Thompson, Richmond, for respondents.

Before KENNEDY, C.J., and MANFORD and BERREY, JJ.

MANFORD, Judge.

Appellant appeals from the trial court's order denying appellant's post-trial Motion for Review and Reassessment of Court Costs.

The cause is reversed and remanded with directions.

The pertinent facts are as follows:

This appeal arises out of a personal injury trial conducted on August 17, 1987, in Ray County Circuit Court. The one-day trial resulted in a judgment entered upon a jury verdict in favor of plaintiffs (respondents herein) in the amount of $10,000.00. The trial court ordered defendant (appellant herein) to pay court costs. In its Statement of Costs, the court assessed against appellant jury fees in the amount of $625.93, and sheriff's fees in the amount of $311.40.

Appellant filed his Motion for Review and Reassessment of Court Costs, along with Suggestions in Support of the motion. Following a hearing on appellant's motion, the court issued its Order, denying appellant's motion to strike or reduce these fees, stating:

Upon consideration of defendant's Motion for Review and Reassessment of Court Costs on September 23, 1987, the Court hereby makes the following findings of fact and law:

\* \* \* \* \* \*

2. Defendant was taxed $311.40 in "sheriff's fees." This amount represents payment to a private process server employed by plaintiff to serve subpoenas for trial. This process server was not affiliated with any sheriff's office. The court denies defendant's motion to strike the cost of these "sheriff's fees."

3. Defendant was taxed $625.93 in "jury fees." This amount represents payment made to all jurors empaneled before trial as well as those jurors who heard the case. The court denies defendant's motion to strike these "jury fees."

Appellant raises two points which charge, in summary, that the trial court erred (1) in denying appellant's motion to reduce the amount of "jury fees" because the court had no power to tax that amount against appellant; and (2) in denying appellant's motion to strike the "sheriff's fee" because the court had no power to tax such cost against appellant.

Appellant's point (1) is ruled in his favor for the following reasons:

Section 494.100, RSMo 1986, authorizes that each petit juror on the regular panel shall receive six dollars per day for each day he actually serves and seven

cents per mile for travel expenses, "to be paid out of the county treasury." Furthermore, § 494.160, RSMo 1986, states:

> Whenever any jury provided for in sections 494.010 to 494.130 shall serve in the trial of any case, other than criminal, there shall be taxed against the unsuccessful party and collected as costs the sum of twelve dollars as jury fees, ...

Statutes allowing taxation of costs are strictly construed. *Parrett v. Integon Life Insurance Co.*, 590 S.W.2d 411, 413 (Mo. App.1979), and *Dorn–Chrysler Plymouth, Inc. v. Roderique*, 487 S.W.2d 48, 49 (Mo. App.1972). Where a statute or rule does not specifically authorize an item to be taxed as costs, courts have no inherent power to award such costs. *Briner Electric Co. v. Sachs Electric Co.*, 703 S.W.2d 90, 91 (Mo.App.1985), and *Dorn–Chrysler Plymouth, Inc. v. Roderique*, 487 S.W.2d at 49.

This court holds that the trial court erred in denying appellant's motion to reduce "jury fee" award.

Appellant's point (2) is ruled in his favor for the following reasons:

■ Section 57.280, RSMo 1986, authorizes the payment of fees to *sheriffs* for serving subpoenas. There is no statute authorizing the payment of fees to *private individuals* for serving subpoenas.

Courts have no inherent power to award costs, which can only be granted by virtue of express statutory authority. *McClue v. Epsten*, 492 S.W.2d 97, 98 (Mo.App.1973), and *Dorn–Chrysler Plymouth, Inc. v. Roderique*, 487 S.W.2d at 49.

This court holds that the trial court erred in denying appellant's motion to strike "sheriff's fee" award.

The cause is reversed and remanded to the trial court with directions to reduce the "jury fee" from $625.93 to $12.00, and to strike the "sheriff's fee" award.

All concur.